GREGORY J. BRITT, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—89—0312

Opinion filed December 28, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellant.

Marvin H. Gesell, of Arnold, Gesell & Schwulst, of Bloomington, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, the Secretary of State (Secretary), appeals an order of the circuit court of Sangamon County which reversed its denial of plaintiff's request for a restricted driving permit (RDP). The circuit court affirmed the Secretary's denial of plaintiff's request for restoration of full driving privileges. It ordered the Secretary to issue plaintiff an RDP, but stayed the order pending appeal. The Secretary appeals, contending the circuit court erred in finding its denial of an RDP was contrary to the manifest weight of the evidence. Plaintiff has not filed a cross-appeal.

We affirm.

The Secretary revoked plaintiff's driving privileges effective June 3, 1982, pursuant to its authority under section 6—205(a)(2) of the Illinois Vehicle Code (Code). (Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2).) This revocation followed plaintiff's second conviction for driving under the influence of alcohol (DUI). (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.) On April 8, 1988, plaintiff petitioned the Secretary for reinstatement of full driving privileges or, alternatively, issuance of an RDP. A hearing on the petition was held on May 20, 1988. The Secretary introduced plaintiff's driving record. Beginning April 1975 plaintiff, then a teenager, in a two-year period incurred convictions for speeding, driving too fast for conditions (two violations), no stoplights, and reckless driving. On May 9, 1977, he was convicted of a November 30, 1976, DUI. He had an additional speeding violation, July 29, 1979, and on March 30, 1982, was convicted of DUI December 4, 1981. His license was revoked on June 3, 1982. He has not had a license to drive since that date.

Plaintiff was 32 years old at the time of the hearing. No injuries had occurred in connection with his DUI offenses. He had never been convicted of driving while his license was revoked or suspended. Plaintiff testified he lived with his mother. He worked for a heating and air-conditioning firm. In 1981, he worked as a laborer in a toxic

chemical plant. He was divorced in June of 1985. He last consumed alcoholic beverages in 1984. Plaintiff stated he did not believe he presently had a drinking problem. He did not sneak drinks or "fall off the wagon." He stopped consuming alcohol because of his occupation. Plaintiff believed one could not do heating and air-conditioning repair work, which necessitated being on 24-hour call, and consume alcohol. He also believed he would not start drinking again after restoration of his driving privileges because he had a more positive attitude about himself and was more mature. Plaintiff stated his employer drives him to emergency repair calls. He needs a driving permit to drive a service vehicle.

Plaintiff further stated that he completed an alcohol and substance abuse evaluation in February 1988. He followed the program recommended by the evaluator. He attended alcohol education classes and a 12-hour group intervention session. The evaluator stated he was a Level II problematic user of alcohol. See 92 Ill. Adm. Code §1001.410, at 3518 (Supp. 1988).

The February 1988 assessment was admitted into evidence. The hearing officer took judicial notice of the file in plaintiff's prior petition for reinstatement of his driving privileges. On cross-examination, plaintiff admitted that he had read and signed an alcohol and substance abuse evaluation dated November 12, 1986. The hearing officer stated that document would be admitted into evidence. She would consider its recommendations and whether there was any evidence in the record that plaintiff complied with the 1986 evaluator's recommendations. The file of plaintiff's prior hearing and the 1986 assessment are not a part of the record on this appeal.

The hearing officer denied plaintiff's request for restoration of driving privileges and, alternatively, for a restricted driving permit. The Secretary adopted the hearing officer's findings and recommendations.

■■ ■ Upon review, the findings and conclusions of an administrative agency are considered *prima facie* true and correct. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *Fitzpatrick v. Edgar* (1987), 158 Ill. App. 3d 966, 512 N.E.2d 56.) Courts may not interfere with an agency's discretionary authority unless that power is exercised in an arbitrary and capricious fashion, or the decision is contrary to the manifest weight of the evidence. (*Murdy*, 103 Ill. 2d 384, 469 N.E.2d 1085; *Fitzpatrick*, 158 Ill. App. 3d 966, 512 N.E.2d 56.) The Secretary's decision will be found to be contrary to the manifest weight of the evidence only when the reviewing court can find, viewing the evidence in a light most favorable to the Secretary, that no

rational trier of fact could have agreed with the Secretary's determination. *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 1094, 492 N.E.2d 929, 933.

■ The relevant factors in determining whether to issue an RDP are the degree of hardship which deprivation of driving privileges imposes upon the applicant, whether alternative means of transportation are available, and whether issuance of the permit would prove a danger to public safety and welfare. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(c)(3); *Youle v. Edgar* (1988), 172 Ill. App. 3d 498, 526 N.E.2d 894; *Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 498 N.E.2d 295; see also 92 Ill. Adm. Code §§1001.430(b), 1001.440(d), at 3520, 3522 (Supp. 1988).) The relevant inquiry in restricted driving permit cases is the danger to public safety and welfare. *Murdy,* 103 Ill. 2d at 392, 469 N.E.2d at 1089.

The hearing officer found the driver's record as submitted was correct, including a finding that the plaintiff's last arrest for DUI was on December 4, 1981. The hearing officer also found that the plaintiff attended and completed a recognized alcohol-drug remedial education course on March 4, 1988, the plaintiff submitted an alcohol-drug assessment dated January 19, 1988, and the plaintiff is classified a Level II user; the plaintiff testified he has three years of abstinence, he quit drinking due to his occupation, and the plaintiff does not intend to drink in the future; the plaintiff completed the required counseling, the plaintiff has previously entered three inpatient programs (1977, 1977, and 1980), the plaintiff did not complete the first inpatient program but did complete the second two programs; plaintiff is employed by Ronald Aschenbremer, plaintiff has been notified that without driving privileges he will be terminated from employment, he lives three to four miles from his place of employment, he is required to drive as far as 50 miles from his place of employment in the course of his employment-related duties, presently his employer drives him and, in employment-related driving duties, other persons have been doing the driving. The hearing officer also observed the demeanor of the plaintiff to be cooperative.

Upon these findings, the hearing officer concluded that the plaintiff developed a severe alcohol-drug problem, the extent of that problem remaining unclear due to conflicting evidence, the plaintiff failed to provide evidence sufficient to carry his burden of proving that his alcohol-drug problem has been resolved and that the plaintiff failed to carry his burden of proving he has resolved his alcohol-drug problem as he has not documented completion of the treatment recommended to address that problem.

■ With respect to this last finding, the regulations provide that applicants classified as Level II alcohol users must document successful completion of the intervention plan developed by the evaluator. (92 Ill. Adm. Code §1001.440(b)(2), at 3521 (Supp. 1988).) The evaluator suggested that the program would be 20 hours in length. The plaintiff did provide documentation of successful completion of an intensive group intervention program as he was directed.

With respect to the first two conclusions of the hearing officer, *i.e.*, that the plaintiff developed a severe alcohol-drug problem and the extent of that problem remains unclear due to conflicting evidence, and that he has failed to provide sufficient evidence to carry his burden of proving his alcohol-drug problem has been resolved, we find no basis in the findings made by the hearing officer. As stated heretofore, the hearing officer found that the plaintiff testified he had three years of abstinence, quit drinking due to his occupation, does not intend to drink in the future, attended and completed the required outpatient counseling, had previously entered three inpatient programs and failed to complete the first inpatient program but completed the second two programs. The plaintiff has not had driving privileges since June 3, 1982. During this period of time he has not violated any provisions of the Code, specifically driving a motor vehicle while his license was revoked or suspended (DWR).

■ Plaintiff, in the 10 years prior to his hearing, had been convicted of two offenses, speeding (1979) and DUI (December 1981). We recognize the Secretary, per his regulations, considers the applicant's total driving record in deciding whether to issue an RDP. (92 Ill. Adm. Code §1001.420(d), at 3519 (Supp. 1988).) However, at some point in time the relative weight of the prior offenses decreases and may no longer justify a finding that restoration of an applicant's driving privileges will cause harm to public safety and welfare. At some point, even a felon's background convictions become inadmissible. (Compare, *e.g.*, *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, as discussed in *Fitzpatrick v. Edgar* (1987), 158 Ill. App. 3d 966, 512 N.E.2d 56 (McCullough, J., dissenting).) The driving record *per se* does not support a finding that issuance of a work-restricted RDP would constitute a present danger to public safety and welfare. *Sutton*, 147 Ill. App. 3d 723, 498 N.E.2d 295.

■ The Secretary argues its decision is supported by the manifest weight of the evidence because of the conflicting evidence regarding the level of plaintiff's alcohol use. The record on appeal does not contain the 1986 alcohol and substance abuse evaluation relied upon by the Secretary. This document was before the circuit court and the

Secretary. The Secretary, as appellant, has the duty to provide a sufficient record to support its claim. The reviewing court will presume the circuit court's determination was correct when doubts arise because of an incomplete record. (*Fischer v. Mann* (1987), 161 Ill. App. 3d 424, 514 N.E.2d 566.) Such a presumption applies in the instant case.

■ The Secretary also argues its determination is supported by the fact that plaintiff failed to document compliance with the recommended treatment program in the 1988 evaluation. The evaluator in 1988 recommended plaintiff engage in a significant group intervention program. He stated the program should be 20 hours long. Plaintiff documented completion of 12 hours of group intervention program, in a program recognized by the Secretary. The regulations provide applicants classified as Level II alcohol users must document successful completion of the intervention plan developed by the evaluator. (92 Ill. Adm. Code §1001.440(b)(2), at 3521 (Supp. 1988).) These regulations have the force and effect of law. (*Youle*, 172 Ill. App. 3d 498, 526 N.E.2d 894.) Here, plaintiff provided documentation of successful completion of an intensive group intervention program, as he was directed. The program, however, was 12 hours in length, rather than 20 hours in length. Failure to complete a program of the required length is a *de minimis* variation under the circumstances presented by this case. Plaintiff complied with the recommendations of the evaluator.

With respect to hardship, the hearing officer found plaintiff would lose his employment absent restoration of driving privileges, but made no specific conclusions concerning that matter. However, it is apparent from her findings that the hardship was proved by clear and convincing evidence.

As stated in *Franz v. Edgar* (1985), 133 Ill. App. 3d 513, 522, 478 N.E.2d 1165, 1171:

> "Our review of the record persuades us that the Secretary's conclusion that plaintiff would endanger the public safety and welfare is not supported by substantial evidence. Initially, we find nothing in the record that would suggest that plaintiff has a current drinking problem. To the contrary, the record showed that any alcohol abuse problem the plaintiff may have had was in the past. It was uncontroverted that he successfully completed an alcohol information and driving safety program and had not consumed alcohol at all in the past year."

The evidence submitted in this case is much stronger than that in *Franz* concerning the plaintiff's complying with the requirements of the Secretary of State in order to be granted an RDP. Additionally, it

should be noted that in *Franz* this court was concerned with a regulation of the Secretary of State that automatically denied a request for a permit when there were two DUI's within a five-year period, and a statute passed by the legislature required a revocation for a one-year period. The legislation in effect at the time of the revocation in this case was similar insofar as the direction to the Secretary of State that he "shall not suspend a drivers license or permit or privilege to drive a motor vehicle on the highways for a period of more than 1 year." (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208(a).) Legislation effective January 1, 1988, provides that a person convicted of committing a second violation of section 11—501 may not make application for a license until after the expiration of three years from the effective date of the most recent revocation. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.) Applying the new legislation, the three-year period would have expired on June 3, 1985. Similarly, as stated in *Franz*:

> "Administrative discretion granted by statute to make rules is to be exercised within the terms of the statute, and the exercise of discretion in administering the rule is to be determined upon evidence of record and cannot be exercised arbitrarily or capriciously in disregard of matters of evidence." *Franz*, 133 Ill. App. 3d at 520, 478 N.E.2d at 1169.

■ In summary, the decision of the Secretary of State is against the manifest weight of the evidence, the findings of the hearing officer specifically found hardship as well as hours of employment of the plaintiff and the decision of the circuit court should be affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.