SHARON RUBLY, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (4th Division)  No. 1—89—0334

Opinion filed January 17, 1991.—Rehearing denied March 7, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for respondent.

No brief filed for appellee.

JUSTICE LINN delivered the opinion of the court:

Defendant, the Secretary of State, appeals from an order of the circuit court of Cook County that reversed defendant's denial of plaintiff's request for a restricted driving permit (RDP). The circuit court ordered the defendant to issue plaintiff a renewal of her RDP and refused to stay the order pending appeal. The defendant appeals, contending that: (1) the circuit court lacked jurisdiction on a motion to modify a judgment made more than 30 days after a final order had been entered and (2) the circuit court lacked jurisdiction because plaintiff had failed to file a complaint in administrative review based upon the November 15, 1988, hearing.

We affirm.

On March 6, 1987, plaintiff was arrested and convicted of driving under the influence of alcohol. Consequently, the defendant suspended plaintiff's driver's license for one year. On June 1, 1987, plaintiff petitioned the defendant for reinstatement of full driving privileges or, alternatively, issuance of a RDP. A hearing on the petition was held on July 16, 1987. On September 23, 1987, the hearing officer denied plaintiff's request for restoration of driving privileges and, alternatively, for a restricted driving permit. The defendant adopted the hearing officer's findings and recommendations.

On October 9, 1987, plaintiff filed a complaint for administrative review (No. 87—CH—10119) of the defendant's decision denying plaintiff's petition for reinstatement of her driver's license or, alternatively, a RDP. On January 13, 1988, the circuit court reversed the decision and ordered the defendant to issue plaintiff a RDP. The circuit court held that the defendant had abused his discretion in denying plaintiff the issuance of a RDP and that the decision was contrary to the manifest weight of the evidence. The circuit court also refused to stay the order pending appeal. The defendant filed a notice of appeal which he voluntarily dismissed several months later. On July 1, 1988, the defendant granted plaintiff a RDP valid for three months. The RDP was issued on September 12, 1988, and expired on December 12, 1988.

Plaintiff sought to renew the RDP prior to its expiration through an informal hearing procedure. The defendant denied plaintiff's request because she had obtained her RDP as the result of a court order, and not a decision by the defendant's office. Plaintiff was then required to undergo another formal hearing which was conducted on November 15, 1988. On January 4, 1989, plaintiff's request for renewal of a RDP was denied. The hearing officer entered virtually the same findings of fact that had been previously entered on September 23, 1987.

On January 17, 1989, plaintiff filed a petition for relief from violation of the court's order (No. 87—CH—10119) that had been entered on January 13, 1988. On January 19, 1989, the circuit court reversed the defendant's decision of January 4, 1989, and ordered the defendant to issue a RDP to plaintiff forthwith. On January 20, 1989, the defendant filed a motion to stay enforcement of the judgment pending appeal. On January 25, 1989, plaintiff filed a motion to reverse the defendant's order denying her a RDP in a complaint for administrative review (No. 89—CH—459) that she had filed based upon the November 15, 1988, hearing. On January 25, 1989, the cases were consolidated. On January 27, 1989, the circuit court refused to stay the order pending appeal and denied plaintiff's motion to reverse the defendant's order in No. 89—CH—459 without prejudice.

Initially, we note plaintiff did not file a brief. However, the record is sufficient for us to decide the issues without the plaintiff's assistance. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ The defendant has broad authority to administer the State's laws governing the conduct of drivers on the roads and is statutorily directed to observe, administer and enforce the provisions of the Illinois Vehicle Code. (*People v. Pine* (1989), 129 Ill. 2d 88, 542 N.E.2d 711; Ill. Rev. Stat. 1987, ch. 95½, pars. 2—101, 2—104.) The defendant has authority to revoke and reinstate the driving privileges of persons convicted of DUI. (*People v. Pine*, 129 Ill. 2d 88, 542 N.E.2d 711; Ill. Rev. Stat. 1987, ch. 95½, pars. 6—205, 6—208.) The defendant has exclusive authority to hold hearings and grant hardship relief or reinstatement of license privileges after a suspension or revocation imposed pursuant to his authority over non-first-time DUI offenders. *People v. Pine*, 129 Ill. 2d 88, 542 N.E.2d 711; Ill. Rev. Stat. 1987, ch. 95½, pars. 6—205, 6—208.

■ Upon review, the findings and conclusions of an administrative agency are considered *prima facie* true and correct. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *Britt v. Edgar* (1989),

192 Ill. App. 3d 469, 548 N.E.2d 826; *Fitzpatrick v. Edgar* (1987), 158 Ill. App. 3d 966, 512 N.E.2d 56.) Courts may not interfere with an agency's discretionary authority unless that power is exercised in an arbitrary and capricious fashion or the decision is contrary to the manifest weight of the evidence. (*Britt v. Edgar*, 192 Ill. App. 3d 469, 548 N.E.2d 826; *Murdy v. Edgar*, 103 Ill. 2d 384, 469 N.E.2d 1085; *Fitzpatrick v. Edgar*, 158 Ill. App. 3d 966, 512 N.E.2d 56.) The defendant's decision will be found to be contrary to the manifest weight of the evidence only when the reviewing court can find, viewing the evidence in a light most favorable to the agency, that no rational trier of fact could have agreed with the agency. *Britt v. Edgar*, 192 Ill. App. 3d 469, 548 N.E.2d 826; *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 492 N.E.2d 929.

■ The relevant factors in determining whether to issue a RDP are the degree of hardship which deprivation of driving privileges imposes upon the applicant, whether alternative means of transportation are available, and whether issuance of the permit would prove a danger to public safety and welfare. (*Britt v. Edgar*, 192 Ill. App. 3d 469, 548 N.E.2d 826; Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(c)(3).) The relevant inquiry in restricted driving permit cases is the danger to public safety and welfare. *Britt v. Edgar*, 192 Ill. App. 3d 469, 548 N.E.2d 826; *Murdy v. Edgar*, 103 Ill. 2d 384, 469 N.E.2d 1085.

The hearing officer at the November 15, 1988, hearing held that plaintiff was not entitled to a RDP, and entered, *inter alia*, these findings of facts: (1) plaintiff had been arrested for DUI twice in 3½ years; (2) plaintiff had attended and completed an alcohol/drug remedial education course; and (3) plaintiff had been classified as a Level I nonproblematic user of alcohol in an alcohol/drug evaluation. The hearing officer stated that plaintiff's alcohol history was indicative of a "problematic use," however, and that she had never obtained any treatment for her alcohol problem. The officer also noted that plaintiff displayed an "evasive" demeanor at the hearing and that her testimony lacked credibility. The hearing officer concluded that plaintiff remained unable to recognize the seriousness of her alcohol problem and would continue to be a danger to the public safety and welfare if driving relief was to be granted to her.

When the parties returned to court on January 19, 1989, the plaintiff sought to enforce, not modify, the judgment that had been entered by the circuit court on January 13, 1988. The circuit court believed that it had retained jurisdiction in the matter because: (1) the findings of fact entered from the November 15, 1988, hearing mirrored those of the findings of fact entered from the July 16, 1987,

hearing; (2) plaintiff had not been arrested for a DUI during the intervening period; (3) the defendant's compliance with the January 13, 1988, order was so negligible as to show that the defendant was continuing to exercise his power in an arbitrary and capricious fashion; and (4) the defendant's decision was contrary to the manifest weight of the evidence because the evidence introduced by plaintiff at both hearings was unrebutted. We agree.

■ Generally, a circuit court retains jurisdiction over cases pending before it until such time as a final judgment is entered in the case and the litigation is effectively terminated between the parties in the trial court. That court does, however, have a 30-day period after the entry of a final judgment within which it may hear post-trial motions or other motions, and at the end of this 30-day period, the court loses jurisdiction to amend, modify, rehear, retry, vacate, or grant other relief of a similar nature from the final judgment order. (*Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 536 N.E.2d 778.) A trial court may, at times, retain jurisdiction to enforce its order after the lapse of the 30-day period where the judgment contemplates or orders future performance by the parties. *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 536 N.E.2d 778; *Village of Gilberts v. Holiday Park Corp.* (1986), 150 Ill. App. 932, 502 N.E.2d 378.

■ Although the circuit court ordered the defendant to issue a RDP to plaintiff on January 13, 1988, the defendant did not comply by granting a RDP to plaintiff until July 1, 1988. Further, the RDP was not even issued until September 12, 1988, and it was valid only for three months. When the plaintiff sought a renewal of the RDP prior to its expiration, plaintiff was required to undergo another formal hearing, although she had not had any other DUI arrests. The defendant then refused to grant plaintiff a renewal of her RDP on January 17, 1989, for virtually the same reasons as on September 23, 1987. We believe that the circuit court retained jurisdiction in the present case to enforce its order of January 13, 1988, regardless of the lapse of the 30-day period. The January 13, 1988, judgment ordered the defendant to issue a RDP to plaintiff. Although the circuit court did not specify a time period for compliance, we conclude that the circuit court's actions of January 19, 1989, were proper because the defendant had continued to exercise his power in an arbitrary and capricious fashion by continuing to create unnecessary and burdensome obstacles for the plaintiff. Further, we believe that it is unnecessary to require plaintiff to file a complaint in administrative review for No. 89—CH—459 since both cases involve the same factual situation.

We believe that *Ball v. Edgar* (1988), 165 Ill. App. 3d 349, 519 N.E.2d 35, is inapplicable in the present case. In *Bell v. Edgar*, the plaintiff filed a motion for modification of a judgment in the circuit court, asking for an extension of his three-month RDP, without initially seeking a renewal of the RDP with the defendant. The appellate court held that the trial court's modified order was void for lack of jurisdiction because it was entered more than 30 days after entry of the final order for issuance of a RDP. Further, the circuit court's decision encroached on the defendant's discretion and duties, who had neither denied the extension nor presented evidence on the issue. This case does not present a similar factual situation.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.