JAMES STEWART, Plaintiff-Appellee, v. GEORGE H. RYAN, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—91—0938

Opinion filed June 18, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellant.

William A. Pryor, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1991, plaintiff, James E. Stewart, filed a complaint for administrative review of a decision by the Secretary of State (Secretary) to deny plaintiff's request for either reinstatement of full driving privileges or the issuance of a restricted driving permit (RDP). In November 1991, the circuit court conducted a hearing on plaintiff's complaint and entered an order that affirmed the Secretary's denial of reinstatement of full driving privileges but reversed the Secretary's denial of the issuance of an RDP. The Secretary appeals and we reverse.

## I. FACTS

Plaintiff was 27 years old at the time of the November 1991 circuit court hearing. We quote his complete driving record as the Secretary accurately sets it forth in his brief to this court:

"On December 14, 1981, the plaintiff was convicted of a license classification violation. *** On the same date, he was convicted for speeding 16-25 miles per hour above the speed limit. *** On November 8, 1982, plaintiff was convicted for a motorcycle violation (failure to have glasses, shield or goggles). *** On June 21, 1983, plaintiff was arrested for speeding 16-25 miles per hour above the speed limit. The plaintiff's bond was forfeited, and he was given a driver remedial program and court supervision. On August 27, 1984[,] plaintiff was convicted for speeding 11-15 miles per hour above the speed limit. On January 28, 1984, plaintiff was arrested for driving under the

influence of alcohol. Plaintiff was convicted September 14, 1984[,] for the illegal transportation of an alcoholic liquor and received court supervision for the DUI arrest. ***

On October 25, 1984, plaintiff was arrested for being involved in a collision involving personal injury and for DUI. During the October 1984 DUI incident, plaintiff was involved in a serious motorcycle accident which caused plaintiff to be hospitalized. Plaintiff remained comatose for thirteen or fourteen days. *** Plaintiff's license was then subjected to statutory summary suspension pursuant to Section 11—501.01 of the Illinois Vehicle Code, Ill. Rev. Stat. ch. 95½, par. 11—501.1 (1985), from March 12, 1986[,] through March 12, 1987.

On May 14, 1986[,] plaintiff was convicted of DUI based upon the October 25, 1984[,] arrest. Plaintiff's driver's license was mandatorily revoked on June 14, 1986[,] for the DUI conviction pursuant to Section 6—205(a)(2)[.] Ill. Rev. Stat. ch. 95½, par. 6—205(a)(2) (1985).

Plaintiff was again arrested on January 25, 1986[,] for DUI. He consented to a blood alcohol test which revealed an alcohol level of .23. During the January 1986 DUI incident, open alcohol was found in the vehicle. *** Plaintiff was convicted of DUI on May 22, 1986. Plaintiff's license was again mandatorily revoked on July 1, 1986[,] based upon the second DUI conviction on May 22, 1986, pursuant to Ill. Rev. Stat. ch. 95½, par. 6—205(a)(2) (1985).

Plaintiff was arrested on August 6, 1987[,] for driving during a license revocation. An immediate action for bond forfeiture was taken on November 4, 1987. Plaintiff was convicted for driving while his license was revoked and was sentenced to seven days in jail, received a fine, costs, and one year [of] probation."

## II. Analysis

In *Britt v. Edgar* (1989), 192 Ill. App. 3d 469, 472-73, 548 N.E.2d 826, 828-29, this court addressed the standard of review and factors to be considered in determining whether the Secretary properly denied an RDP to a plaintiff and wrote the following:

"Upon review, the findings and conclusions of an administrative agency are considered *prima facie* true and correct. [Citations.] Courts may not interfere with an agency's discretionary authority unless that power is exercised in an arbitrary and capricious fashion, or the decision is contrary to the manifest

weight of the evidence. [Citations.] The Secretary's decision will be found to be contrary to the manifest weight of the evidence only when the reviewing court can find, viewing the evidence in a light most favorable to the Secretary, that no rational trier of fact could have agreed with the Secretary's determination. [Citation.]

*The relevant factors in determining whether to issue an RDP are* the degree of hardship which deprivation of driving privileges imposes upon the applicant, whether alternative means of transportation are available, and *whether issuance of the permit would prove a danger to public safety and welfare.* (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(c)(3); *Youle v. Edgar* (1988), 172 Ill. App. 3d 498, 526 N.E.2d 894; *Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 498 N.E.2d 295; see also 92 Ill. Adm. Code §§1001.430(b), 1001.440(d), at 3520, 3522 (Supp. 1988).) *The relevant inquiry in restricted driving permit cases is the danger to public safety and welfare.*" (Emphasis added.)

In the present case, the circuit court ruled that the Secretary's findings of fact and conclusions of law were contrary to the manifest weight of the evidence and contrary to law. Although we view the circuit court's rulings as erroneous regarding the Secretary's findings on (1) whether the deprivation of driving privileges imposes a hardship upon plaintiff, and (2) whether alternative means of transportation were available to plaintiff, we need not address these matters further. Instead, we view the circuit court's rulings as egregiously erroneous regarding the question of whether issuance of an RDP to plaintiff would prove a danger to public safety and welfare.

Citing plaintiff's driving record, the Secretary makes the following argument to this court:

"In *Cusack v. Edgar*, 137 Ill. App. 3d 505, 484 N.E.2d 1145 (1st Dist. 1985), this court affirmed the Secretary's decision to deny the plaintiff an RDP after noting that the plaintiff's driving record revealed seven traffic offenses, including two DUI convictions, within the previous ten years. The court stated that based on plaintiff's driving record alone, there was substantial evidence to deny plaintiff an RDP. [*Cusack*, 137 Ill. App. 3d at 510-11,] 484 N.E.2d at 1149.

In the present case, plaintiff committed nine traffic violations in as many years, worse than the driving record involved in *Cusack*. Plaintiff's numerous driving offenses demonstrate a 'total disregard for traffic laws and traffic safety.' *Cusack*, [137 Ill. App. 3d at 510,] 484 N.E.2d at 1149. Because plaintiff's

driving record alone supports the Secretary's decision, the circuit court abused its discretion in reversing that decision and ordering the Secretary to issue plaintiff an RDP."

██ Section 6—205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—205(c)) places the burden upon a person seeking an RDP to demonstrate that he "will not endanger the public safety or welfare." We agree with the argument of the Secretary, quoted above, that plaintiff on this record has failed to do so, and we find no error in the Secretary's conclusion that granting an RDP to this plaintiff would endanger the public safety or welfare.

Mindful that the circuit court can rule that a decision of the Secretary—such as the denial in this case of the RDP to plaintiff—is contrary to the manifest weight of the evidence "only when the reviewing court can find, viewing the evidence in a light most favorable to the Secretary, that no rational trier of fact could have agreed with the Secretary's determination" (*Britt*, 192 Ill. App. 3d at 472-73, 548 N.E.2d at 828), we reverse the circuit court's ruling.

We note that plaintiff, in response to the Secretary's argument about his terrible driving record, cites *Britt* for the proposition that "at some point in time the relative weight of the prior offenses decreases and may no longer justify a finding that restoration of an applicant's driving privileges will cause harm to public safety and welfare." (*Britt*, 192 Ill. App. 3d at 474, 548 N.E.2d at 829.) Although we stand by that statement as a general observation, it has minimal application to a driving record like the one before us. While "at some point in time" the relative weight of even this plaintiff's prior offenses may no longer justify the Secretary's finding that granting an RDP to him would cause harm to public safety or welfare, there is no telling how many years—or decades—need pass before that point is reached.

██ As a last matter, we point out that the circuit court provided the following as its *entire* ruling (and explanation) in this case:

> "The findings of fact and the conclusions of law of the hearing officer, Tina Moorehead, which were adopted by the Secretary of State, were contrary to the manifest weight of the evidence and contrary to law."

Such a ruling does not sufficiently explain the circuit court's reasoning, particularly when that ruling is based upon the court's analysis of the evidence presented at the administrative hearing. Had the record before us not provided a clear basis for reversing the decision of the circuit court, we would likely have reversed and remanded with directions that the circuit court explain the basis for its holding, so as to

provide both the parties and this court with a more detailed record to review. See *Muck v. Van Bibber* (1992), 223 Ill. App. 3d 830, 836-37, 585 N.E.2d 1147, 1152 ("most trial courts, when ruling on issues of law, not only provide a *statement* of the grounds for their ruling, but also frequently provide some *analysis* regarding why they thought those grounds to be applicable" (emphasis in original)).

For the reasons stated, we reverse the judgment of the circuit court directing the Secretary to grant plaintiff an RDP.

Reversed.

KNECHT and COOK, JJ., concur.