WILBUR LIGHT, Special Adm'r of the Estate of Keith T. Light, *et al.*, Plaintiffs-Appellants, v. NICHOLAS COREY *et al.*, Defendants-Appellees.

Third District   No. 3—93—0388

Opinion filed January 13, 1994.

Spencer Lee Daniels, of Peoria, for appellants.

Jack C. Vieley, of Peoria, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, Beverly M. Sayers, Janet L. Cleaver, and Wilbur Light, as special administrator of the estate of Keith T. Light, appeal from the trial court's order dismissing the action for lack of jurisdiction. We affirm because a trial court lacks jurisdiction in all cases when a final order has been entered from which no further appeal or rehearing was taken under the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 1—101 et seq.).

The record reveals that in November 1988, the plaintiffs filed an amended complaint against defendants Nicholas Corey and City Limits of Creve Coeur, Inc. (City Limits). In March 1990, the trial court granted City Limits' motion for summary judgment. Thereafter, the plaintiffs reached a settlement with defendant Corey. Thus, on January 7, 1991, the trial court entered an order dismissing the case within 60 days and striking it from the trial calendar. On March 29, 1991, a docket entry was made stating "60 days order now envoked file closed." However, a settlement agreement was never formalized by the parties. No appeal and no post-trial motions were ever filed.

Corey subsequently filed a voluntary action in the United States bankruptcy court. The plaintiffs filed a complaint in the bankruptcy proceeding asking the court to rule that whatever judgment was obtained in their State court action was not dischargeable. On December 23, 1992, the bankruptcy court ruled that the issues of liability and damages should be decided by the State court before it could rule on the dischargeability of the plaintiffs' action.

Following the bankruptcy court's decision, the plaintiffs obtained a pretrial and trial date in the instant action. Corey filed a special and limited appearance alleging that the court had no jurisdiction over this cause because it had been dismissed on March 29, 1991. The trial court agreed and dismissed the action for lack of jurisdiction.

On appeal, the plaintiffs argue that the court had jurisdiction to determine the issues of liability and damages. Specifically, the plaintiffs contend that the January 7, 1991, order was not a final and appealable order. In support of their position, the plaintiffs rely on Supreme Court Rule 272 (134 Ill. 2d R. 272). We find the plaintiffs' reliance on Rule 272 is misplaced.

Supreme Court Rule 272 provides, in relevant part, that if at the time of announcing final judgment the court requires the submission of a form of written judgment to be signed by it, the judgment becomes final only when the signed judgment is filed. (134 Ill. 2d R. 272.) Rule 272 is intended to resolve difficulties which have arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench preceded the entry of a written judgment order. *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 472 N.E.2d 400.

In the instant case, the written judgment was entered on the same day (January 7, 1991) as the oral announcement of judgment. Thus, there is no issue as to the timeliness of the appeal. Consequently, Rule 272 has no application to the jurisdiction question in this case. We hold that the January 7, 1991, order was final and appealable as of March 29, 1991. We therefore reject the plaintiffs' argument.

The plaintiffs also argue that the trial court retained jurisdiction in this case because the bankruptcy court expressly held that issues of liability and damages were to be decided in State court.

A circuit court retains jurisdiction over cases pending before it until such time as a final judgment is entered in the case and the litigation is effectively terminated between the parties in the trial court. (*Rubly v. Edgar* (1991), 209 Ill. App. 3d 396, 568 N.E.2d 113.) On March 29, 1991, the litigation between the parties was terminated and the trial court no longer had jurisdiction. Although the plaintiffs could have sought relief from the dismissal order by filing a motion to vacate it within 30 days under section 2—1203 (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203) or sought other post-judgment relief under section 2—1401 (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) of the Code of Civil Procedure, they failed to do so. Thus, when the defendant filed bankruptcy, the trial court no longer had jurisdiction over the cause and therefore could not determine the issues of liability and damages.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.