WALTER R. FRANZ, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—84—0057

Opinion filed May 20, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert Barewin, of Metnick & Barewin, of Springfield, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The defendant, Secretary of State of Illinois (Secretary), appeals from an order of the circuit court of Sangamon County, sitting in administrative review (Ill. Rev. Stat. 1983, ch. 110, par. 3—110 et seq.), reversing an order of the Secretary which denied the reinstatement of the plaintiff's driver's license and, in the alternative, a restricted driving permit.

On August 17, 1981, the plaintiff was arrested and charged with driving while under the influence of alcohol (DUI) (see Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). He was convicted of this charge on April 21, 1982, and on June 9, 1982, his driver's license was revoked pursuant to section 6—205(a)(2) of the Illinois Vehicle Code (Code) (Ill.

Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2)).

On May 31, 1983, the plaintiff requested a formal hearing under section 2—118 of the Code (Ill. Rev. Stat. 1983, ch. 95½, par. 2—118) on application for full reinstatement of driving privileges or, alternatively, for a restricted driving permit (RDP). A hearing was subsequently conducted on June 20, 1983. The plaintiff's driving record was admitted and his testimony was presented, as was the testimony of Dean Downing, a business associate of the plaintiff. Plaintiff also introduced into evidence some 30 letters from persons in his community, a certificate showing successful completion of the traffic court driver improvement program (alcohol division), and an alcohol assessment and remedial education evaluation form completed by Ray Weddle, alcoholism counselor at the Logan Mason Mental Health Center in Lincoln.

Plaintiff testified that he was 55 years old, had driven for many years, and lived alone on a rural route outside New Holland. He worked as a self-employed farmer, renting 990 acres of land. The plaintiff testified that his son had more than 500 additional acres, and that together they worked the entire acreage, some of the properties being 10 miles apart. His mother lived in Lincoln and depended on him to conduct certain of her affairs. He testified he had abstained from drinking alcohol for the past year, although he had been at meetings and social events where it was available. He said that on rainy days he had previously joined other farmers for drinks after transacting business in town, but said he had now learned his lesson and would not drink and drive in the future. On further questioning about his prior drinking, the plaintiff said he quit drinking "cold turkey." He denied ever having missed work, blacked-out, passed out, gotten sick, or gotten into fights as a result of drinking, said he never began drinking in the morning, and there was no history of alcoholism in his family. Asked about a statement on the alcohol evaluation regarding "occasional times of abuse of beverage alcohol during middle and later periods of this span [from age 20 until DUI], and sometimes daily drinking," the plaintiff said there had not been any period when he drank more than a six-pack of beer in a day. He further testified as to the difficulties posed by not having a driver's license in checking his crops, getting to seed and implement dealers and taking care of other matters.

Downing testified he had known the plaintiff for 10 years and had taken him to several business meetings and events in the past year where alcohol was available, but that he had not seen the plaintiff drink alcoholic beverages during that time.

Plaintiff's driving record disclosed the following:

(a) April 24, 1978, convicted for speeding, driving 11 to 15 miles above the speed limit.

(b) April 3, 1979, arrested for DUI; refused to take breathalyzer test; convicted October 18, 1979.

(c) In connection with (b), plaintiff's license was suspended from July 3, 1979, to October 3, 1979, for refusal to take a breathalyzer test.

(d) The plaintiff was issued a restricted driving permit on July 10, 1979, which expired on November 2, 1979. He did not violate the permit.

(e) His license was revoked effective November 3, 1979, pursuant to section 6—205(a)(2) of the Code, and reinstated on November 17, 1980.

(f) August 17, 1981, petitioner was arrested for DUI; convicted on April 21, 1982; and discharged from probation on April 8, 1983. In connection with this offense plaintiff's license was revoked effective June 9, 1982, pursuant to section 6—205(a)(2) of the Code. No restoration had occurred.

The hearing officer's findings of fact included the following:

"3. [Plaintiff] submitted evidence of completion of an alcohol related driver remedial course from Ray Weddle, Alcohol Counselor, Alcohol Driver Education, dated June 7, 1982. He also submitted an updated alcohol evaluation performed by Ray Weddle, *** dated May 3, 1983.

4. The Evaluator reported the Michigan Alcoholism Screening Test (a diagnostic tool to determine the existence of an alcohol problem) was administered and the results indicate [plaintiff] 'probably has had an alcohol abuse problem in the past'. [Plaintiff] reported to the Evaluator, 'this problem has now been corrected' and further reported to the Evaluator he currently is refraining from the use of alcohol.

5. The alcohol evaluation suggests a possible drinking problem with no documented proof of treatment or intervention. The [plaintiff's] driving record reveals two DUI convictions."

The hearing officer also found that the plaintiff reported he had not consumed alcohol during the past year. The hearing officer concluded:

"1. In view of [plaintiff's] history of DUI convictions and abuse of alcoholic liquor, with no documented proof of abstinence, he failed to demonstrate that he would be a safe and responsible driver.

2. The [plaintiff's] past driving record reveals a disregard

for public safety and for public safety laws.

3. The Secretary is satisfied after investigation of the [plaintiff], the interest of public safety and welfare and the seriousness of the offense, outweigh the consideration of hardship raised by the [plaintiff]."

The report was adopted by the Secretary, who issued an order denying the issuance of an RDP on August 12, 1983.

On September 7, 1983, plaintiff filed this complaint for administrative review, seeking restoration of his driving license or, in the alternative, an RDP. On December 21, 1983, the circuit court reversed the order of the Secretary as against the manifest weight of the evidence, and found plaintiff was entitled to reinstatement of full driving privileges.

On appeal the Secretary argues: (1) that the plaintiff was not eligible for either full or restricted driving privileges as a matter of law, and (2) the Secretary's denial of a restricted driving permit was supported by the manifest weight of the evidence.

In his brief, the Secretary argued that plaintiff's application for a license was not considered by reason of the administrative rules which prohibit reissuance of a license to a multiple DUI offender within five years of his last conviction. At oral argument, the Secretary said plaintiff's application for full driving privileges was summarily dismissed at the administrative hearing by reason of the rules. Section 6—208(b) of the Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—208(b)), provides in pertinent part:

"Any person whose license or permit or privilege to drive a motor vehicle on the highways has been revoked shall not be entitled to have such license or permit or privilege renewed or restored. However, such person may make application for a license as provided by Section 6—106 of this Act:

(1) If the revocation was for a cause which has been removed, at any time; or

(2) After the expiration of 1 year from the date of revocation, and upon payment of the reinstatement fee set out in subsection (g) of Section 6—118.

In either event, the Secretary of State shall not issue such license unless and until he is satisfied after investigation of such person that to grant the privilege of driving a motor vehicle on the highways will not endanger the public safety or welfare."

Pursuant to the Secretary's rule-making power (see Ill. Rev. Stat. 1983, ch. 95½, par. 2—104), section 1001.440 of the Secretary's rules

codified the following provisions for alcohol and drug conviction revocations and suspension:

"(a) In all applications for reinstatement or [restricted driving permits] RDP applicants must submit an alcohol or drug evaluation and evidence of successful completion of an alcohol- or drug-related driver remedial course.

\* \* \*

(3) The alcohol or drug evaluation must contain at least a report of objective testing of the applicant, a history of the applicant's use of alcohol, the present status of applicant's relationship to alcohol, periods of abstinence, prognosis, and recommendation for treatment if needed, and the credentials of the evaluator.

\*\*\*

(5) Before either relief may be granted, the alcohol or drug evaluation must be favorable, which is defined as showing that the applicant has no current problem with alcohol or drugs and is not likely to have a problem in the future.

(6) The alcohol or drug evaluation, and alcohol- or drug-related remedial program must be current, which is defined as having been completed within six (6) months of the date of the hearing.

(b) An applicant who has been revoked for driving while under the influence must show at least six (6) months of abstinence from alcohol or drugs before any relief will be granted.

(c) If there is a diagnosis of alcoholism and A.A. attendance has been deemed appropriate. \* \* \*

\*\*\*

(e) Evidence must be submitted when applicant states that he/she has had alcoholism treatment \* \* \*.

(f) Applicants with a clinical impression of alcohol abuse/alcoholism should have a minimum of twelve (12) consecutive months of documented sobriety. Waivers are discretionary but should be no less than six (6) months continued sobriety.

(g) An applicant who has multiple (that is, two (2) or more) convictions for driving while under the influence of alcohol or drugs at any time on his abstract, there is a presumption that the applicant has an alcohol or drug problem, and reinstatement will not occur until at least five (5) years have expired since the date of the latest conviction." (See 7 Ill. Reg. 7501, 7504, 7527-29 (1983); 92 Ill. Admin. Code, ch. II, sec. 1001.440 (1983).)

We note that subsections (c) and (e) are inapplicable in this case. The rule became effective June 17, 1983, three days before the administrative hearing. This rule has been amended, effective April 1, 1984, and includes such changes as (1) deleting subsection (b); (2) requiring applicants with a clinical impression of alcohol abuse/alcoholism to have a minimum of 12 consecutive months of documented *abstinence* (rather than sobriety); and (3) eliminating the presumption set forth in subsection (g) with the result that it expressly prohibits issuance of a license to applicants with multiple convictions for driving while under the influence of alcohol or drugs for at least five years. See 8 Ill. Reg. 4220, 4222, 4244-46 (1984); 92 Ill. Admin. Code, ch. II, sec. 1001.440 (1984).

Section 1001.440 of the Secretary's rules does not differentiate between applications for reinstatement or RDP. Rather, it appears applicants must meet the provisions of section 1001.440 in addition to the general provisions relating either to reinstatement after revocation, section 1001.430 (see Ill. Reg. 7501, 7527 (1983); 92 Ill. Admin. Code, ch. II, sec. 1001.430 (1983); as amended, see 8 Ill. Reg. 4220, 4243-44 (1984), 92 Ill. Admin. Code, ch. II, sec. 1001.430 (1984)); or to issuance of RDPs, section 1001.420 (see 7 Ill. Reg. 7501, 7526 (1983), 92 Ill. Admin. Code, ch. II, sec. 1001.420; as amended, see 8 Ill. Reg. 4220, 4242-43 (1984), 92 Ill. Admin. Code, ch. II, sec. 1001.420 (1984)), as well as the definition of "undue hardship" in section 1001.410 (see 7 Ill. Reg. 7501, 7524-26 (1983), 92 Ill. Admin. Code, ch. II, sec. 1001.410 (1983); as amended, 8 Ill. Reg. 4220; 4241-42 (1984), 92 Ill. Admin. Code, ch. II, sec. 1001.410 (1984)).

■ Although the plaintiff argues that the Secretary has raised the applicability of section 1001.440(g) of the rules for the first time on review, it is clear from the record that he was informed of the rule, and the Secretary's interpretation of it, early on in the June 1983 administrative hearing. In this regard, the record shows that the attorney representing the Secretary informed plaintiff that since his June 1982 revocation was a result of his second conviction for driving under the influence, he would not be eligible for reinstatement until June 1987, but could be considered for a restricted permit. The Secretary's counsel referred to this as the "5-year rule" and, when questioned by plaintiff's counsel, he stated the rule as follows:

"The rule is that a person who is convicted for more than one DUI is not eligible to be reinstated for five years from the date of his last or latest revocation."

As promulgated and applied, the rule stated by the Secretary functions as an irrebuttable presumption or *per se* rule that a license shall

be denied upon application regardless of what evidence may be presented in support of the application. As so applied, the rule nullifies and makes meaningless section 6—208(b)(2) of the Code, which expressly authorizes application within one year. Administrative discretion granted by statute to make rules is to be exercised within the terms of the statute, and the exercise of discretion in administering the rule is to be determined upon evidence of record and cannot be exercised arbitrarily or capriciously in disregard of matters of evidence. In sum, the statute authorizes the application for a license, but the administration of the administrative rule effectively results in a refusal to consider the application upon its merits. The statute which is being administered may not be added to or altered by the exercise of a power to make administrative rules or regulations. (*Ruby Chevrolet, Inc. v. Department of Revenue* (1955), 6 Ill. 2d 147, 151, 126 N.E.2d 617, 619.) Apart from subsection (g), the rule does not otherwise differentiate requirements for applicants as between first-time and multiple-DUI offenders.

Further, we find that sections 6—205(b)(2) and (3), relating to the mandatory revocation of a driver's license upon the second conviction of certain sex offenses described by statute, has itself provided a period of five years from the completion of the sentence imposed before an operator's license may be issued. (See Ill. Rev. Stat. 1983, ch. 95½, pars. 6—205(b)(2), (3).) It is apparent that the legislature has discovered the statutory device of the bar of an extended five-year period, and was aware of the same but, as late as July 1984, had not seen fit to impose that sanction upon the second conviction of DUI.

Once driving privileges are revoked, restoration is not automatic and, under section 6—208 of the Code, depends on the Secretary's determination that to grant the privilege will not endanger the public safety or welfare. Despite the statutory language, the Secretary's rules and regulations could create a property interest if they enumerate specific requirements, the fulfillment of which would result in issuance, or at least in the reasonable expectation of issuance. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.) The Secretary's rules are sufficiently specific to raise such a reasonable expectation, yet do not meaningfully inform as to the standard employed by the Secretary.

■ We are constrained to comment, for example, on the requirement of the Secretary's rules that an applicant with a "clinical impression of alcohol abuse" or alcoholism should have a minimum of 12 consecutive months of "documented sobriety" (see 7 Ill. Reg. 7501, 7504, 7529 (1983); 92 Ill. Admin. Code, ch. II, sec. 1001—440(f)

(1983)), or as the rule has been amended, "documented abstinence" (see 8 Ill. Reg. 4220, 4222, 4246 (1984); 92 Ill. Admin. Code, ch. II, sec. 1001–440(e) (1984)). The hearing officer applied this standard against plaintiff, as referenced in her first conclusion that "with no documented proof of abstinence [the plaintiff] failed to demonstrate that he would be a safe and responsible driver." The language of the rule provides so little elucidation of what an applicant is required to prove for reinstatement as to offend basic precepts of due process, providing little guidance as to when meaningful application may be made or for meaningful review of the administrative decision. A "rule" is defined in section 3.09 of the Illinois Administrative Procedure Act as meaning "each agency statement of general applicability that implements, applies, interprets, or prescribes law or policy" (Ill. Rev. Stat. 1983, ch. 127, par. 1003.09). Minimal due process requires that an applicant know the standards under which his request for reinstatement will be judged. This provision misses the mark in several respects. First, applicants are given little guidance as to what constitutes a "clinical impression" of alcohol abuse, or of "alcohol abuse." Second, the clinical impression does not differentiate as to a time frame, e.g., abuse at age 17 in an applicant of 35. Third, the rule requires no nexus between the clinical impression of abuse and the act of driving. Fourth, the rule sheds no light on the manner in which the applicant is to "document" sobriety (or abstinence). As applied in this case, it is evident that the Secretary does not regard an applicant's testimony, corroborated by the testimony or letters of associates, to suffice. The fact that the plaintiff could have requested another administrative hearing six months after that conducted, or four months later under the rules as amended, does nothing to remedy the defects in the rules. (7 Ill. Reg. 7501, 7529 (1983), 92 Ill. Admin. Code, ch. II, sec. 1001.450 (1983); as amended, 8 Ill. Reg. 4220, 4246 (1984), 92 Ill. Admin. Code, ch. II, sec. 1001.450 (1984).) Section 2–118(e) of the Code (Ill. Rev. Stat. 1983, ch. 95½, par. 2–118(e)) provides, "[t]he action of the Secretary of State *** shall be subject to judicial review." Upon administrative review, the rules of the Secretary, concerning "documented abstinence" and the five-year bar, as formulated and administered, prevent effective review of the record evidence.

The Secretary also regards the alcohol evaluation submitted by the plaintiff as "inconclusive." We disagree. The report, completed on a form provided by the Secretary, stated that a current alcohol or drug problem was not identified, and that an objective test, the MAST (Michigan Alcoholic Screening Test), was utilized. The form does not ask the specific score attained on the test, but provides

space for a narrative description of the applicant's "current drinking/ drug use pattern (including description of problem, if any, and the interpretation of the objective test)." Weddle's evaluation of plaintiff stated:

> "[Plaintiff's] MAST score, Social History, Alcohol Use History and Health Inventory show he has probably had an alcohol abuse problem in the past.
>
> To the best of my knowledge, based on our discussions, this problem has now been corrected. At this time he appears to be refraining from the use of beverage alcohol, so has no current drinking pattern."

The evaluation is favorable to the plaintiff, and we fail to see how any lack of specificity resulting from the form provided by the Secretary can be relied on to deny his application. We find no evidence of record which refutes or even contradicts the evidence supplied by plaintiff, but only the conclusion arising from "no documented proof of sobriety." See *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 390, 469 N.E.2d 1085, 1088.

The findings of the Secretary must rest upon competent evidence and be supported by substantial proof. (*Menning v. Department of Registration & Education* (1958), 14 Ill. 2d 553, 153 N.E.2d 52.) Our review of the record persuades us that the Secretary's conclusion that plaintiff would endanger the public safety and welfare is not supported by substantial evidence. Initially, we find nothing in the record that would suggest that plaintiff has a current drinking problem. To the contrary, the record showed that any alcohol abuse problem the plaintiff may have had was in the past. It was uncontroverted that he successfully completed an alcohol information and driving safety program and had not consumed alcohol at all in the past year. The evaluation of Ray Weddle concluded in the recommendation that the plaintiff be given favorable consideration for return of his driving privileges. Clearly, this does not indicate that plaintiff has a current drinking problem. See *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.

In light of our disposition, we need not address the issues raised over the Secretary's denial of an RDP. The considerations herein discussed have equal application to the denial of a restricted driving permit for which at least a *prima facie* case has been presented by the applicant. We note in this connection, however, that the Secretary argues that plaintiff is ineligible for consideration for an RDP by reason of section 1001.420(f) of its rules, expressly prohibiting issuance of an RDP "while any ticket is pending in any court" of

Illinois. (See 7 Ill. Reg. 7501, 7526 (1983), 92 Ill. Admin. Code, ch. II, sec. 1001.420(f) (1983); as amended, see 8 Ill. Reg. 4220, 4243 (1984), 92 Ill. Admin. Code, ch. II, sec. 1001.420(f) (1984).) Here the Secretary asks that this court take judicial notice of certain traffic complaints, one allegedly issued eight days after the administrative hearing, charging plaintiff with driving with a revoked license. Such traffic complaints were not in the record of these proceedings but were attached to the Secretary's brief. Again, outside the record, that brief reports a conviction on December 7, 1983, of such offense. In determining whether there is sufficient evidence to support an administrative decision, courts of review may consider only the evidence which was before the administrative body which rendered the decision. *Harrison v. Civil Service Com.* (1953), 1 Ill. 2d 137, 115 N.E.2d 521.

In summary, section 1001.440(g) of the Secretary's rules, the five-year bar, may not be applied to deny plaintiff restoration of driving privileges as it is in excess of the statutory grant of authority. Section 1001.440(f) of the rules may not be relied on to deny plaintiff restoration of driving privileges, because it does not inform of the standard employed by the Secretary. Moreover, our review of the record persuades us that the Secretary's decision was against the manifest weight of the evidence. Accordingly, we affirm that part of the judgment of the circuit court determining the Secretary's decision to be against the manifest weight of the evidence. Insofar as the circuit court ordered reinstatement of plaintiff's full driving privileges, the judgment is vacated. In view of the passage of time, the cause is remanded to the Secretary for further proceedings which may include such additional evidence, since the date of the original hearing, as may be tendered upon the issues presented.

Affirmed in part, vacated in part, and remanded.

GREEN, P.J., and MILLS, J., concur.