JOHN T. FITZPATRICK, Plaintiff-Appellant, v. JIM EDGAR, Secretary of State, Defendant-Appellee.

Fourth District   No. 4—86—0857

Opinion filed July 30, 1987.

John E. Cassidy, Jr., of Cassidy & Mueller, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff John T. Fitzpatrick appeals from a Sangamon County circuit court order upholding the defendant Secretary of State's (Secretary's) decision refusing to reinstate plaintiff's driving privileges. We affirm.

The Secretary revoked plaintiff's driving privileges effective May 29, 1982, pursuant to his authority under section 6—205(a)(2) of the Illinois Vehicle Code. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2).) This revocation followed plaintiff's conviction for driving under the influence of alcohol (DUI). Plaintiff petitioned the Secretary to reinstate his driving privileges, or alternatively, to issue him a restricted driving permit (RDP).

A hearing was held on this petition September 26, 1985. The hearing officer made findings of fact, which are generally not disputed by the plaintiff, and recommended the Secretary deny plaintiff's request for reinstatement of driving privileges or an RDP. The Secretary followed this recommendation and denied plaintiff's request

for reinstatement. Plaintiff unsuccessfully sought to have the Secretary's decision overturned by the Sangamon County circuit court. On appeal, plaintiff again seeks to overturn the Secretary's decision because he alleges it is arbitrary, capricious, and against the manifest weight of the evidence.

Plaintiff's driver's license was suspended in 1976 because he refused to submit to a breath test following his arrest for DUI. Plaintiff also received court supervision following an arrest for DUI in 1979. Plaintiff's record shows additional convictions for improper lane usage in 1976 and 1977, and for driving the wrong way on a one-way street in 1978. Prior to at least one of the improper lane usage offenses, plaintiff had consumed alcohol.

Plaintiff, 53 years old at the time of the hearing, began drinking alcohol at age 19, and became an abusive drinker at age 36. Plaintiff admitted he was an alcoholic, but he had abstained from alcohol since July 1983. His primary motivation to end the use of alcohol was his doctor's advice he would incur serious health risks if he continued to imbibe. The hearing officer noted plaintiff had begun attending Alcoholics Anonymous (AA) two or three times a week approximately three months prior to the hearing. The hearing officer was of the impression plaintiff had initially been reluctant to attend AA and plaintiff had begun attending in order to improve the chances of regaining his driving privileges.

The hearing officer noted favorably the number of letters sent on plaintiff's behalf from people who had known him for a substantial length of time and who had observed positive changes in the plaintiff's character since he had ceased drinking. These letters came from neighbors, plaintiff's physician, and his dentist. The hearing officer also observed the plaintiff's favorable assessment from a certified alcohol counselor, who found plaintiff to be an alcoholic in remission and did not recommend any further treatment. Based upon these facts, the hearing officer concluded the plaintiff was a recovering alcoholic, but that he had failed to carry his burden of proving he would be a safe and responsible driver. Specifically, the hearing officer noted the plaintiff had only recently begun participating in a support group to help him continue abstaining from alcohol.

■■■■ Upon review, the findings and conclusions of an administrative agency must be considered *prima facie* true and correct. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 492 N.E.2d 929.) Courts may not interfere with an agency's exercise of its discretionary authority unless that power is exercised in an arbitrary and capricious manner, or the

administrative decision is against the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) This court will not find the Secretary's denial of driving privileges to be against the manifest weight of the evidence unless, "after viewing the evidence in the light most favorable to the Secretary, *** no rational trier of fact could have agreed with the Secretary's decision." *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 1094, 492 N.E.2d 929, 933.

Plaintiff concedes on appeal he does not qualify for an RDP because he has failed to demonstrate any hardship which would permit issuance of an RDP. However, plaintiff contends the Secretary's decision to not reinstate his driving privileges was against the manifest weight of the evidence. Plaintiff points to two years of documented abstinence from alcohol preceding the hearing, successful completion of an alcohol education course, his favorable assessment from an alcoholism counselor, and the counselor's recommendation that plaintiff not receive further treatment, as facts requiring the Secretary to reinstate plaintiff's driving privileges.

The plaintiff has a 31-year drinking history with 14 years of abusive drinking. His work as a bartender provides him tempting access to alcohol. Over the last decade he has had four alcohol-related driving offenses, and two of those are for DUI. He waited almost two years to begin AA after he stopped drinking. Several years of abstinence coupled with reluctant attendance at AA for three months does not outweigh the risk posed by plaintiff's history.

We agree with the hearing officer that plaintiff is to be commended for his efforts thus far to combat his alcoholism. However, the hearing officer's conclusion that plaintiff had failed to prove he would not endanger public safety if his driving privileges were reinstated was not a conclusion "with which no rational trier of fact could have agreed." Plaintiff's sobriety is a significant step toward reinstatement of his driving privileges. Nevertheless, the fact plaintiff had only recently acknowledged he was an alcoholic and his relatively short tenure with the AA support group, combined with plaintiff's apparently mixed motives for attending AA, made it rational to conclude plaintiff could easily lapse into his old drinking habits. With this danger of relapse, allowing plaintiff to resume driving constituted sufficient danger to the public to justify denying plaintiff's application for driving privileges.

Were plaintiff to provide evidence of sobriety, recommendations, and evaluations similar to those he presented in support of this application, plus proof of long term and ongoing participation in a support group such as AA, we would expect the Secretary to act favorably on

a new application for reinstatement of driving privileges. The Secretary's denial of this application was not against the manifest weight of the evidence. Thus, the circuit court properly affirmed that decision.

Judgment affirmed.

LUND, J., concurs.

JUSTICE McCULLOUGH, dissenting:

The decision of the Secretary of State is not only against the manifest weight of the evidence but the decision is against all relevant evidence presented to the hearing officer.

This is the third application by the plaintiff for driving privileges as a result of his revocation, which occurred on May 29, 1982, after a conviction for driving under the influence of intoxicating liquor on May 11, 1982.

With respect to the first application on March 14, 1983, the Secretary found that there was no proof of completion of an alcohol remedial education program, that the plaintiff considered himself a social drinker, and that the Michigan Alcoholism Screening Test (MAST) indicated that he still may have a problem drinking. He again applied for reinstatement on March 1, 1985. That application was denied on May 23, 1985, the evidence showing that the plaintiff had not used alcohol for 1½ years. The evidence both at that hearing and now is unrebutted that the driver has abstained from the use of alcohol since July of 1983.

At the time of this application, which was heard on September 26, 1985, the evidence showed the MAST and Alcohol Use Inventory results did not indicate any alcohol problem, there had been no drinking for 1½ years, successful completion of the Dry Roads remedial program and the Illinois Driver's Improvement program. Abstinence and sobriety were verified and there was no need for additional counseling.

The principal argument of the Secretary of State in this case is that the plaintiff is a recovering alcoholic and failed to prove that he would be a safe, responsible driver and had only recently begun participation in a self-help group for continued abstinence. Importance is given by the Secretary of State to the admission of the plaintiff that he is an alcoholic. Anyone who has drunk to excess and has become an abstainer can consider himself to be an alcoholic. He is going to carry that description throughout the rest of his life whether he has

another drink or not. That fact alone, designation as an alcoholic, has nothing to do with a proper disposition in this matter.

The majority indicates that the plaintiff only recently joined AA. There was nothing in either the first or second application with respect to the findings and conclusions of the hearing officer that indicated a need for the petitioner to join the AA program. The fact that he has joined AA certainly should not be used as evidence against his petition. It seems to beg the question to say he should be denied his application in part because he waited two years after he stopped drinking to begin AA.

The majority's reference to the plaintiff's background concerns four alcohol-related offenses, dated January 9, 1976, November 30, 1977, June 22, 1978, March 6, 1982. At some point even a felon's background convictions become inadmissible. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) Alcohol has taken its toll on plaintiff's habits and health.

There simply is no evidence presented by the Secretary of State that would show that the plaintiff is at risk if he is given his driving privileges.

Both *Murdy* and *Franz v. Edgar* (1985), 133 Ill. App. 3d 513, 478 N.E.2d 1165, dictate a reversal of the Secretary of State. In *Agans*, the facts and evidence presented were not as conclusively convincing or undisputed.

The plaintiff has sustained his burden and should be granted full driving privileges.