WILLIAM H. NEBERGALL, Plaintiff-Appellant, v. GEORGE RYAN, Secretary of State, Defendant-Appellee.

Fourth District   No. 4—92—0692

Opinion filed May 6, 1993.

John A. Bernardi, of Pekin, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Brian F. Barov, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff William H. Nebergall filed a petition with defendant Secretary of State (Secretary) requesting reinstatement of his full driving privileges. The Secretary denied the petition. On administrative review, the circuit court of Sangamon County affirmed the Secretary's decision. We affirm.

At the administrative hearing February 6, 1992, plaintiff requested the complete reinstatement of his driving privileges, and indicated specifically that he was not requesting a restricted driving permit. The evidence indicated plaintiff had been a "binge drinker," which caused his family financial hardship and resulted in a very poor driving record. The Secretary presented evidence showing plaintiff had received 10 moving violations between 1970 and 1982, and that plaintiff had his license suspended twice during that period. Plaintiff testified that several of the incidents were probably alcohol related. Plaintiff was arrested November 7, 1985, for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11–501(a)(1)), after a breathalyzer test administered to him indicated a blood-alcohol concentration of .18. This arrest resulted in plaintiff's conviction for DUI on March 7, 1986, and the revocation of his driver's license on April 1. Plaintiff testified that as part of the court or-

der he then completed the 28-day alcoholism treatment program at the Proctor Hospital Chemical Dependency Unit. At first he felt the program was "kind of foolish," but after a while he realized that it was the "best thing that ever happened" to him. After being released from Proctor, plaintiff participated in a six-week aftercare program, attending twice a week. Proctor then recommended Alcoholics Anonymous (AA) meetings. Plaintiff attended AA for two or three weeks, but quit going because he did not feel the meetings were helpful. Plaintiff indicated that although he had decided he was going to quit drinking, others came to the meetings drunk and met for drinks after the meetings at a nearby tavern. He stated: "I don't have anything against AA. It just didn't do for me what I felt it was supposed to."

While in AA Dale Christiensen acted as plaintiff's sponsor. Plaintiff stated that he still sees Christiensen "at least once a month" at antique car shows, and "AA always seems to come up, you know, how are you doing and all that \*\*\*." Christiensen submitted a letter on behalf of plaintiff which stated that plaintiff had a "great program" of being involved with crafts, family, and helping others, rather than spending time at the tavern drinking.

Plaintiff testified he had not consumed any alcohol since completing the Proctor program, and that he no longer had any desire to drink alcohol. Numerous letters and questionnaires from friends, relatives, and co-workers supported plaintiff's claim. Plaintiff then testified about the support program he had developed. At first plaintiff raced his truck instead of drinking, but he had now sold the truck and spent most of his extra time helping with his wife's craft business, doing maintenance work for his family, and engaging in recreational boating with his family. Plaintiff believes he is an alcoholic, but he no longer desires to drink alcohol. He had not discussed his alcohol problem with his wife for four or five years. Plaintiff's wife testified that plaintiff had never told her that he was an alcoholic, and she does not feel he is an alcoholic because he no longer has the "urge to go drinking." She added that she felt he could drink alcohol responsibly if he decided to drink, but she would not support his decision to drink alcohol again.

A significant portion of the hearing was testimony regarding the crafts that plaintiff and his wife sell as a business. There was also significant testimony about the difficulties plaintiff and his wife incur because he does not have a driver's license. In addition, plaintiff introduced evidence of his January 14, 1992, alcohol and drug evaluation. The evaluator classified plaintiff as "Level III—Problematic Use Dependent (High Risk)" (see 92 Ill. Adm. Code §1001.410, at 6352

(1991)), with the following recommendation: "No treatment needed/ Client in remission/No referral required."

Based on this evidence, the hearing officer denied plaintiff's request for reinstatement of full driving privileges concluding that as an "alcoholic/chemically dependent person" he failed to (1) prove he had established an adequate support system in order to ensure continuous recovery from his alcoholism/chemical dependency, (2) document completion of treatment, (3) demonstrate sufficient inconvenience, and (4) prove he would be a safe driver. The hearing officer specifically found:

> "The Petitioner's assertion that he has developed a support system to help him maintain abstinence was undocumented and unsubstantiated. Petitioner states his support is his craft activities. It is unclear how working on crafts keeps Petitioner from drinking alcohol. However his wife[,] who should be an obvious part of his support, does not believe her husband is an alcoholic and believes if he drank again he could drink responsibly."

The findings and conclusions of the hearing officer were adopted by the Secretary. The circuit court subsequently affirmed the Secretary's decision.

Plaintiff contends on appeal the decision of the Secretary is against the manifest weight of the evidence and should be reversed. In an application for reinstatement of driving privileges where the applicant has been classified as "Problematic Use, Dependent" (Level III), the applicant must document (1) abstinence, (2) completion of treatment, (3) an ongoing support/recovery program, and (4) completion of additional treatment recommended in the alcohol evaluation. (92 Ill. Adm. Code § 1001.440(b)(3) (1991).) A " 'support/recovery program' " is defined as:

> "specific activities which a recovering alcoholic/chemically dependent person has incorporated into his/her lifestyle to help support his/her continued abstinence from alcohol and other drugs. This may include, but is not limited to participating in a self-help group (Alcoholics Anonymous, Narcotics Anonymous, etc.), a professional support group, or regularly and frequently engaging in religious activities which have a distinct and positive effect on an individual's continued abstinence. Any activity and its relationship to the individual's ability to remain abstinent must be clearly identified and verified by proper documentation independent from an individual's self report ***." 92 Ill. Adm. Code § 1001.410, at 6352-53 (1991).

Nothing in the record supports plaintiff's allegation that the hearing officer's decision is contrary to the manifest weight of the evi-

dence. While plaintiff presented evidence that he had abstained from alcohol for over six years, abstinence alone is insufficient to warrant the return of driving privileges. (*Fitzpatrick v. Edgar* (1987), 158 Ill. App. 3d 966, 969, 512 N.E.2d 56, 58; *Lamborn v. Edgar* (1989), 178 Ill. App. 3d 814, 818-19, 533 N.E.2d 1008, 1011.) Plaintiff's ongoing support system consisted mostly of assisting his wife with the craft business and helping his family; he stated that it was important "to find something to do with your time." While we agree that it is helpful for an alcoholic to keep busy so that he will not think about drinking, a satisfactory support program is something that will always be available to the alcoholic, even when work is unavailable or times are difficult. In light of the evidence that plaintiff did not give AA much of a chance, and that his wife does not think he is an alcoholic, the Secretary properly found that plaintiff has not established a satisfactory support system. Plaintiff's failure to prove his participation in an ongoing support/recovery program is sufficient to deny full reinstatement of his driving privileges. (*Christiansen v. Edgar* (1991), 209 Ill. App. 3d 36, 47, 567 N.E.2d 696, 703; *Youle v. Edgar* (1988), 172 Ill. App. 3d 498, 504-05, 526 N.E.2d 894, 898-99.) In addition, the hearing officer also found that plaintiff failed to sufficiently document completion of required treatment. Although plaintiff demonstrated some hardship due to the loss of his driving privileges, hardship is not relevant to an application for reinstatement of full driving privileges, despite the fact the hearing officer found undue hardship was not demonstrated.

Plaintiff additionally contends the administrative hearing process is unfair and impartial because "the process is controlled by the Secretary." This issue is waived because plaintiff made no claim at the administrative hearing that the hearing officer or the proceeding was unfair. (*Fairview Area Citizens Taskforce v. Pollution Control Board* (1990), 198 Ill. App. 3d 541, 545, 555 N.E.2d 1178, 1180-81.) On the merits, an administrative hearing is not unfair simply because prosecutorial and judicial functions are combined in one agency. (*Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 55, 416 N.E.2d 1082, 1089; *Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 528-29, 519 N.E.2d 1151, 1158.) Based on the findings at the administrative hearing, the Secretary must determine whether restoring driving privileges will endanger the public safety or welfare. (Ill. Rev. Stat. 1991, ch. 95½, par. 6—208; *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 392, 469 N.E.2d 1085, 1088-89.) Here, the Secretary's decision was based on a finding that plaintiff had not proved he would be a safe and re-

sponsible driver. Plaintiff has not presented any evidence, nor do we find any in the record, that the administrative hearing was unfair or not impartial.

Accordingly, we affirm the judgment of the circuit court of Sangamon County affirming the Secretary's decision to deny plaintiff's request for full reinstatement of his driving privileges.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.