FOURTH DIVISION

      November 12, 1998

No. 1-98-0082 

               )

WILLIAM E. O'NEIL, ) APPEAL FROM THE 

) CIRCUIT COURT OF

Plaintiff-Appellee, ) COOK COUNTY

)

v. ) No. 97 CH 9419

)

GEORGE H. RYAN, ) HONORABLE

Secretary of State, ) STEPHEN A. SCHILLER,

) JUDGE PRESIDING.

Defendant-Appellant. )

JUSTICE McNAMARA delivered the opinion of the court: 

The Illinois Secretary of State (Secretary) denied plaintiff's petition for reinstatement of driving privileges or, alternatively, for a restricted driving permit.  On administrative review, the circuit court reversed the Secretary's decision and ordered the Secretary to reinstate plaintiff's full driving privileges.  The Secretary appeals.  For the following reasons, we reverse.  The relevant facts are as follows. 

On March 8, 1991, plaintiff was stopped by a police officer for improper lane usage and failure to signal a lane change.  The officer reported that he detected a strong odor of alcohol on plaintiff's person, that plaintiff's speech was slurred, and that his eyes were bloodshot and glassy.  An open alcoholic beverage was found in plaintiff's car.  Plaintiff failed the field sobriety tests.  A breathalizer test administered by the officer revealed a blood-alcohol concentration (BAC) of 0.17, well above the legal limit.

Plaintiff testified that he had consumed 10 beers and 4 shots of tequila before embarking on his 30-mile drive home.  Plaintiff was arrested for and convicted of driving under the influence of alcohol.  His license was summarily suspended, and as required by statute, the Secretary revoked plaintiff's driver's license on October 3, 1991.

Prior to the March 1991 arrest, plaintiff was in the habit of drinking alcohol 2 to 3 times per week.  On each of those occasions plaintiff would drink between 1 and 15 beers.  Sometimes plaintiff would substitute 1 to 5 shots of liquor for beer, consuming as many as 12 beers and 5 shots in a night.  After the March 1991 arrest, plaintiff's drinking increased to 3 to 4 times per week and 6 to 15 beers per occasion with similar hard liquor consumption.  Plaintiff testified that he was an alcoholic by the age of 21.

Following the arrest, O'Neil completed 75 hours of outpatient counseling.  He was designated a level III dependant alcoholic.  Unknown to his counselor, plaintiff continued to drink every weekend during this period of counseling.  After finishing the outpatient program, plaintiff's counselor recommended weekly Alcoholics Anonymous (AA) meetings, monthly aftercare sessions and abstinence.  Plaintiff has apparently remained abstinent since January 3, 1993.  His abstinence is documented and corroborated by letters from family and friends. However, plaintiff has failed to complete aftercare or become involved in AA.  Plaintiff testified that he attended AA meetings for two months but stopped because he felt uncomfortable.  Plaintiff never tried any other formal support group.  Plaintiff also admitted that he was not too familiar with the AA recovery steps.

The hearing officer recommended denial of plaintiff's first application for reinstatement of driving privileges because plaintiff had failed to document completion of treatment adequate to address his alcohol problem.  The Secretary adopted this recommendation by order dated May 10, 1996.

Prior to the hearing on plaintiff's second application for reinstatement of driving privileges, plaintiff went to a new alcohol counselor for an updated evaluation.  The new evaluator prepared a letter recommending waiver of any additional treatment.  This recommendation was based primarily on plaintiff's four years of abstinence and the support he receives from his family.  The evaluator did not detail plaintiff's support program any further.  

At the hearing on the second application, plaintiff testified that his support group consists of his wife, his brother, his mother-in-law, and his stepmother.  He provided letters from each.  Plaintiff's testimony and the letters indicate that plaintiff's support system consists of (1) engaging in athletic activities with his brother, who is also a recovering alcoholic; and (2) talking to his family members when he has problems.  

Plaintiff further testified that he feels the urge to drink on a monthly basis.  He testified that as recently as the Saturday before his second hearing he felt the urge to drink while he was bowling with his wife.  Plaintiff stated that being in situations where he sees other people drinking socially can "trigger" his craving for alcohol.

Plaintiff is employed by W.E. O'Neil Construction company as a project manager.  A letter from his employer presented at the hearing stated that plaintiff's present ability to perform his employment-related duties is significantly hampered by plaintiff's failure to have a valid driver's license.  The letter further stated that plaintiff was awaiting transfer to the company's Arizona offices, but he could not be transferred unless he was granted driving privileges. 

Plaintiff was also arrested in 1988 for driving under the influence of alcohol after being involved in an automobile accident.  A blood test revealed a BAC of 0.26, well above the legal limit.              

The hearing officer recommended denial of plaintiff's second application, finding that plaintiff had not established a sufficient ongoing support system to maintain continued abstinence and, therefore, had failed to carry his burden of proving that he would not endanger the public safety and welfare.  The Secretary adopted this recommendation by order dated July 18, 1997.  

Plaintiff sought administrative review and the circuit court reversed.  The circuit court ordered the Secretary to reinstate plaintiff's full driving privileges.  The Secretary appeals.  By order entered January 16, 1998, this court stayed the circuit court's order pending appeal.

The only issue in this case is whether the Secretary's determination that plaintiff had not established a sufficient ongoing support system to maintain continued abstinence was against the manifest weight of the evidence.  The circuit court found that it was.  We find that it was not.

Driving a motor vehicle on the public roads is a privilege, not a right.  
Grams v. Ryan
, 263 Ill. App. 3d 390, 635 N.E.2d 1376 (1994).  Once driving privileges have been revoked, their restoration is not automatic.  625 ILCS 5/6-208(b)(West 1996); 
Koeck v. Edgar
, 180 Ill. App. 3d 332, 535 N.E.2d 1019 (1989).  To allow full restoration, the Secretary must determine that granting the plaintiff the privilege of driving a motor vehicle will not endanger the public safety or welfare.  
Conklin v. Ryan
, 242 Ill. App. 3d 32, 610 N.E.2d 751 (1993).  The person seeking restoration has the burden of establishing his entitlement to restored driving privileges by clear and convincing evidence.  
Koeck
, 180 Ill. App. 3d at 337, 535 N.E.2d 1019; 
Caracci v. Edgar
, 160 Ill. App. 3d 892, 513 N.E.2d 932 (1987).  The Secretary has considerable discretion in determining whether driving privileges will be restored.  
Lamborn v. Edgar
, 178 Ill. App. 3d 814, 533 N.E.2d 1008 (1989).  

To aid in exercising that discretion, the Secretary has promulgated regulations which set forth the requirements for reinstatement of driving privileges.  92 Ill. Adm. Code §1001.410 
et seq.
 (eff. September 21, 1994).  These regulations have the force and effect of law.  
Lamborn
, 178 Ill. App. 3d at 817, 533 N.E.2d 1008; 
Youle v. Edgar
, 172 Ill. App. 3d 498, 526 N.E.2d 894 (1988).  Through these regulations the Secretary has adopted a program designed to remove intoxicated drivers from Illinois roadways.  Part of that program is to insist that problematic users of alcohol prove that they have a support system that forces them to deal with their problem.  Given the epidemic number of deaths and injuries attributable to drunk drivers, such regulations are certainly reasonable.  

To be eligible for restoration of any driving privileges, plaintiffs classified as level III alcoholics must document, among other things, an ongoing support/recovery program.  92 Ill. Adm. Code §1001.440(b)(3) (eff. May 1, 1993).  Failure to prove participation in an ongoing support/recovery program is sufficient grounds to deny full reinstatement of driving privileges.  
Nebergall v. Ryan
, 245 Ill. App. 3d 1063, 615 N.E.2d 745 (1993); 
Conklin v. Ryan
, 242 Ill. App. 3d 32, 610 N.E.2d 751 (1993).  

The regulations define a support/recovery program as "specific activities" incorporated into an individual's lifestyle to help support his "continued abstinence from alcohol."  92 Ill. Adm. Code §1001.410 (eff. September 21, 1994).  As examples of such specific activities the regulations list participation in a self-help group like AA or a professional support group, or regular and frequent religious activities.  92 Ill. Adm. Code §1001.410 (eff. September 21, 1994).  "The hearing officer shall determine the viability of the activity as a means of supporting continued abstinence, taking into account all the evidence brought forward at the hearing."  92 Ill. Admin. Code §1001.410 (eff. September 21, 1994).

In this case plaintiff's support system consists of (1) participation in athletic activities with his brother; and (2) talking to family members when he has problems or feels the urge to drink.  However, plaintiff's brother has moved to Arizona so that plaintiff's use of sports activities as part of his support/recovery program is thrown into doubt.  Furthermore, plaintiff's mother-in-law, the only other recovering alcoholic in the group, lives in Florida and does not see plaintiff on a regular basis.  This unstructured and sporadic contact does not fit the definition of support/recovery program found in the regulations.  The Secretary properly found that this did not adequately establish a support/recovery program.

The regulations also set forth the requirements that must be met to prove such a support/recovery program.  92 Ill. Adm. Code §1001.440(h)(eff. May 1, 1993).  If the plaintiff's support/recovery program does not involve a "structured, organized, recognized program" such as AA, the plaintiff must identify what the program is and explain how it works and keeps plaintiff abstinent.  92 Ill. Admin. Code §1001.440(h) (eff. May 1, 1993)  Plaintiff must also submit letters from three people involved in the program describing, among other things, how often the person sees the plaintiff, how the person is involved in the plaintiff's recovery program, and what role he or she plays in helping the plaintiff remain abstinent.  92 Ill. Admin. Code §1001.440(h)(eff. May 1, 1993).  Plaintiff has failed to meet these requirements.  

Plaintiff failed to explain how he deals with his alcoholism, or what set of principles or techniques he uses to avoid temptation and relapse.  Indeed, his own testimony suggests that he has no such set of principles or techniques. Plaintiff admitted that he still feels the urge to drink at least once a month and that he still puts himself in social situations that trigger his urge to drink.  Proper treatment and relapse prevention teaches alcoholics to avoid such situations since the potential for relapse in every alcoholic is real and everlasting.   The letters from the members of plaintiff's support system fail to offer any insight into how the support system works.  The letters fail to describe specifically the role each person plays in helping the plaintiff abstain from alcohol.  The letters indicate only that each person is available to talk to plaintiff if he needs help and that plaintiff and his brother participate in sporting activities together.  However, providing support for an alcoholic involves much more than just providing a willing ear when he has the urge to talk or filling his time with new activities.  A proper support/recovery program provides a framework which helps the alcoholic identify the signs of relapse and gives the alcoholic the tools to prevent it.  Neither plaintiff nor the members of his support group have described such a framework.

Illinois decisions support the determination that plaintiff has not established a sufficient ongoing support/recovery program to maintain continued abstinence.  
Lamborn v. Edgar
, 178 Ill. App. 3d 814, 533 N.E.2d 1008 (1989); 
Nebergall v. Ryan
, 245 Ill. App. 3d 1063, 615 N.E.2d 745 (1993).  In 
Lamborn
, the court upheld the denial of a petition for reinstatement where the petitioner failed to establish an adequate support/recovery program.  In that case the petitioner was classified as a level III alcoholic.  The petitioner did not attend AA meetings because he did not have time.  Rather, he indicated that his friends and his work comprised his support system.  This court found that the petitioner "was not involved in an established ongoing support/recovery program." 
Lamborn
, 178 Ill. App. 3d at 818, 533 N.E.2d 1008.

Similarly in 
Nebergall
, the petitioner was classified as a level III alcoholic.  Petitioner attended AA meetings for two weeks, but then quit.  Petitioner testified that his support system consisted of helping with his wife's craft business, engaging in activities with his family, and seeing his former AA sponsor once a month.  The appellate court affirmed the denial of driving privileges because plaintiff had failed to establish an ongoing support/recovery program.  The court found that simply filling his time with new activities was not an adequate safeguard against temptation in the future.

As in 
Lamborn
 and 
Nebergall
, plaintiff is a level III alcoholic.  As in 
Lamborn
 and 
Nebergall
, plaintiff has rejected AA and instead relies on his family and on new activities for support.  As in 
Lamborn
 and 
Nebergall
, plaintiff has provided no evidence of a principled program designed to help him avoid relapse.  As in 
Lamborn
 and 
Nebergall
, the Secretary's decision that plaintiff has failed to establish an adequate support/recovery program is not against the manifest weight of the evidence.    

Relying on his five years of sobriety, plaintiff contends that he has established that his past alcohol-related problems have been resolved and that he is not a current risk to public safety.  Plaintiff claims that he has provided sufficient, credible and reliable evidence, which went "unimpeached, uncontradicted, and unrebutted."  While his abstinence is certainly commendable, abstinence alone is insufficient to warrant return of driving privileges.  
Nebergall v. Ryan
, 245 Ill. App. 3d 1063, 615 N.E.2d 745 (1993) (plaintiff sober for over six years); 
Lamborn v. Edgar
, 178 Ill. App. 3d 814, 533 N.E.2d 1008 (1989) (plaintiff sober for three years); 
Fitzpatrick v. Edgar
, 158 Ill. App. 3d 966, 512 N.E.2d 56 (1987) (plaintiff sober for about four years).  Plaintiff's abstinence does not nullify or excuse his responsibility as a level III alcoholic to establish an ongoing support/recovery program.  Whether plaintiff's evidence was rebutted or not, plaintiff failed to carry his burden of proving the establishment of a sufficient ongoing support/recovery program by clear and convincing evidence.  

Relying on 
Franz
, 
Wixon
, and 
Britt
, plaintiff contends that because he has shown that he does not have a current drinking problem and that he is not a current risk to public safety, his driving privileges should be restored.  
Franz v. Edgar
, 133 Ill. App. 3d 513, 478 N.E.2d 1165 (1985); 
Wixon v. Edgar
, 215 Ill. App. 3d 490, 574 N.E.2d 1251 (1991); 
Britt v. Edgar
, 192 Ill. App. 3d 469, 548 N.E.2d 826 (1989).  However, the cases cited by plaintiff are distinguishable in that they do not involve level III alcoholics who are required by the regulations to establish an ongoing support/recovery program.    

We reject plaintiff's contention that the Secretary ignored the evaluator's report when he adopted the hearing officer's recommendation.  The hearing officer reviewed and analyzed the report extensively.  Alcohol evaluations provided by the applicant may be used in determining if driving privileges should be reinstated but are not dispositive of the issues and are not the sole factor to be considered.  
Christiansen v. Edgar
, 209 Ill. App. 3d 36, 567 N.E.2d 696 (1991); 
Berry v. Edgar
, 192 Ill. App. 3d 455, 548 N.E.2d 575 (1989).

The hearing officer noted that the evaluator relied on plaintiff's abstinence; however, he also noted correctly that abstinence alone is insufficient to establish a sufficient support system or to warrant return of driving privileges.  See 
Nebergall
, 245 Ill. App. 3d at 1067, 615 N.E.2d 745; 
Lamborn
, 178 Ill. App. 3d at 818, 533 N.E.2d 1008; 
Fitzpatrick
, 158 Ill. App. 3d at 969, 512 N.E.2d 56.  The hearing officer also correctly questioned the evaluator's comparison of plaintiff's support/recovery program to AA or Rational Recovery.  Both AA and Rational Recovery have principles and programs to guide the alcoholic's recovery and to prevent relapse.  Neither plaintiff nor the evaluator articulated anything similar used by plaintiff.  Finally, the hearing officer correctly found that the evaluator's statement that plaintiff was carrying over into his life principles he learned at AA or in treatment was contrary to the evidence.  Plaintiff admitted that he quit AA after only two months and that he was not familiar with AA's recovery steps.   Plaintiff admitted that he continued to drink throughout his alcohol treatment program and that he failed to complete the aftercare, which focused on relapse prevention.  Furthermore, plaintiff admitted that he continues to put himself in situations that trigger his urge to drink.  It seems highly unlikely that plaintiff carried anything over into his life from AA or his treatment program.

The Secretary did not ignore the evaluator's report when it adopted the hearing officer's recommendation.  The hearing officer considered the evaluator's report but discounted it, based on inconsistencies with the evidence.

Plaintiff has already shown himself on two separate occasions as being willing to engage in activities that endanger the public safety and welfare.  Short of a future arrest for driving under the influence, which might arise from an accident in which people are severely injured or even killed, requiring an adequate support/recovery program is the only way the State can try to ensure plaintiff's continued abstinence.  Absent evidence that plaintiff has established a sufficient support/recovery program, we cannot be assured that plaintiff will not repeat his past abusive behavior and drive while under the influence of alcohol.  This is a chance we cannot take.  

A court may not overturn an administrative decision unless the authority of the administrative body was exercised in an arbitrary or capricious manner or the decision is against the manifest weight of the evidence.  
Murdy v. Edgar
, 103 Ill. 2d 384, 469 N.E.2d 1085 (1984); 
Koeck v. Edgar
, 180 Ill. App. 3d 332, 535 N.E.2d 1019 (1989).  To find the Secretary's decision to be against the manifest weight of the evidence, the circuit court must determine, after viewing the evidence in the light most favorable to the Secretary, that no rational trier of fact could have agreed with the Secretary's decision.  
Lamborn v. Edgar
, 178 Ill. App. 3d 814, 533 N.E.2d 1008 (1989); 
Christiansen v. Edgar
, 209 Ill. App. 3d 36, 567 N.E.2d 696 (1991).

After viewing the evidence in the light most favorable to the Secretary, we cannot say that no rational trier of fact could have agreed with the Secretary's decision.  We find that the Secretary's determination that plaintiff failed to prove, by clear and convincing evidence, that he had established an adequate support program was not against the manifest weight of the evidence.  

Accordingly, for the reasons set forth above the judgment of the circuit court of Cook County is reversed and the decision of the Secretary of State denying reinstatement of plaintiff's driving privileges is affirmed.

Judgment reversed.

SOUTH, P.J., and HOFFMAN, J., concur.