No. 2--04--0392

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE COUNTY OF DU PAGE and THE ) On Petition for Administrative Review

DU PAGE COUNTY SHERIFF, ) from the Illinois Labor Relations Board,

) State Panel.

Petitioners, )

)

v. ) ILRB Case No. S--RC--04--119

)

THE ILLINOIS LABOR RELATIONS )

BOARD, STATE PANEL and )

METROPOLITAN ALLIANCE OF POLICE, )

DU PAGE COUNTY SHERIFF'S POLICE )

CHAPTER No. 126, )

)

Respondents. )

______________________________________________________________________________

Supplemental Opinion

PRESIDING JUSTICE O'MALLEY delivered the order of the court:

This cause comes before us on petitioners' motion for attorney fees.  As this is the forum in which petitioners first succeeded, and as this issue was not (and could not have been) passed upon by the trial court, we sit as the trier of fact on petitioners' motion.  As such, we "will award only those fees that are reasonable, consisting of reasonable charges for reasonable services."  
Mountbatten Surety Co. v. Szabo Contracting, Inc.
, 349 Ill. App. 3d 857, 873 (2004).

We have carefully examined petitioners' motion for attorney fees; the affidavits and fee summary submitted by attorneys Baird, Powers, and Clark; respondents' response to the motion; and petitioners' reply.  Before addressing what fee, if any, is reasonable, we must first address respondents' argument that petitioners are not entitled to fees at all.

Petitioners claim fees under the aegis of section 10--55(c) of the Illinois Administrative Procedure Act (Act) (5 ILCS 100/10--55(c) (West 2004)), which states that where a party succeeds in having an administrative rule invalidated by a court, "the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees."  In support of their position, petitioners cite 
Citizens Organizing Project v. Department of Natural Resources
, 189 Ill. 2d 593, 599 (2000), in which our supreme court noted:

"[Section 10--55(c)], as written, contains no provisions requiring that compensable litigation expenses be limited to those demonstrably and directly related to the limited question of the rule's validity. [Section 10--55(c)] does not even require the party seeking litigation expenses to have prevailed on any other aspect of the case.  If you are a party who has brought 
any
 case and you succeed in that case in having 
any
 administrative rule invalidated by a court for 
any
 reason, you are entitled to recover all of your reasonable litigation expenses, including attorney fees."  (Emphasis in original.)

Respondents argue that such an attorney fee recovery is a one-shot deal; if the rule has been previously invalidated, then section 10--55(c) does not authorize an award of attorney fees.  
Hansen v. Illinois Racing Board
, 179 Ill. App. 3d 353, 361 (1989); 
Sutton v. Edgar
, 147 Ill. App. 3d 723, 733 (1986).  Respondents contend that the rules at issue here were invalidated by the Fourth District in 
Champaign-Urbana Public Health District v. Illinois Labor Relations Board, State Panel
, 354 Ill. App. 3d 482 (2004).  As a result, respondents conclude that petitioners are not entitled to receive attorney fees, despite their similar success in having this court also declare the rules at issue here invalid.

We find 
Hansen
 and 
Sutton
 to be distinguishable.  
Hansen
, relying upon 
Sutton
, stated that what is now codified as section 10--55(c) does not allow an award of attorney fees where the administrative rule at issue was previously declared invalid.  
Hansen
, 179 Ill. App. 3d at 361.  
Hansen
 then analyzed the circumstances of the rule invalidation in its case, noting that a United States District Court had previously held the rule at issue unconstitutional as applied.  According to the 
Hansen
 court, this was not enough to preclude the award of reasonable attorney fees, because the United States District Court's reasoning would not have applied to the facts of the 
Hansen
 case, and the 
Hansen
 court's invalidation of the rules was for a different, broader reason than the federal court's.  
Hansen
, 179 Ill. App. 3d at 361-62.

In 
Sutton
, the Fourth District Appellate Court noted that the administrative agency's denial of the plaintiff's request to have full driving privileges reinstated was based in part on an administrative rule that the Fourth District Appellate Court itself had invalidated about six weeks before the agency's denial of the plaintiff's request.  
Sutton
, 147 Ill. App. 3d at 730-31.  The court went on to address the other bases underlying the agency's denial of the plaintiff's request to reinstate his full driving privileges and held that the agency's decision was not against the manifest weight of the evidence, in that the plaintiff had failed to carry his burden to demonstrate that he should have full driving privileges reinstated.  
Sutton
, 147 Ill. App. 3d at 732.  The court then noted that the invalid rule would not affect the plaintiff's subsequent attempt to secure full driving privileges.  
Sutton
, 147 Ill. App. 3d at 732.  There is no suggestion that, on appeal, the agency attempted to argue for the continued viability of the invalidated administrative rule.  As noted, the court merely observed that the administrative rule had been invalidated, and it proceeded to substantively address the remaining independent issues.  Thus the court held that the rule on which the plaintiff based his claim for attorney fees had been previously invalidated and could not be used to support a claim for fees in that case.  
Sutton
, 147 Ill. App. 3d at 733.   

We see, then, that 
Hansen
 is distinguishable because it actually awarded attorney fees, based on the invalidation of the rule.  
Sutton
 is distinguishable because the agency there, unlike here, did not continue to maintain on appeal the validity or the efficacy of the rule.  Additionally, the previously invalidated rule had no bearing on the outcome of the case, or even on the relief to which the plaintiff was entitled.  Here, the invalidation of the rules is central to the outcome.  
Sutton
 is also distinguishable because, unlike here, the appellate court was dealing with a decision from its own district that invalidated the administrative rule.  Here, by contrast, the decision that invalidated the rules was made by a different district.

Further, 
Hansen
 does not preclude attorney fees even though we have invalidated the rules at issue here for the same reasons as in the previous case of 
Champaign-Urbana Public Health District
.  
Hansen
 looked beyond the mechanical application of the rule enunciated in 
Sutton
 prohibiting attorney fees where the rule had been previously invalidated and determined whether the application of the 
Sutton
 rule made sense under the facts of its case.  
Hansen
, 179 Ill. App. 3d at 361-62.  In similar fashion, when we consider the facts of this case, we find ample reason to award attorney fees.  Here, respondents did not acquiesce to the previous determination of the invalidity of the rules at issue.  Instead, respondents attacked the rationale and soundness of 
Champaign-Urbana Public Health District
.  Respondents vigorously contested petitioners' attempt to have the rules declared invalid here.  Moreover, the holdings of one appellate district are not automatically binding on another district (
People v. Ward
, 192 Ill. App. 3d 544, 554 (1989)), unlike a decision of our supreme court, which all appellate courts must follow (
Robinson v. Johnson
, 346 Ill. App. 3d 895, 907 (2003)).  If the previous decision invalidating the rules is not necessarily binding, then why should it preclude an award of attorney fees where its application in this court is uncertain (at least at the outset)?  Additionally, we note the fundamental unfairness of respondents' position:  on appeal, respondents contended that 
Champaign-Urbana Public Health District
 was poorly reasoned and should not be followed, yet now, on a post-decisional motion, respondents fully embrace 
Champaign-Urbana Public Health District
.  Respondents cannot have it both ways.  Either 
Champaign-Urbana Public Health District
 was good law, so that respondents should have acquiesced to petitioners' claim (and respondents' continued support of the challenged rules was frivolous, thus warranting the award of attorney fees), or the case was open to challenge before this court, again warranting the award of attorney fees as a result of petitioners' successful challenge to the rules.  For these reasons, an award of attorney fees is appropriate. 

Additionally, we question the application of 
Sutton
.  It appears that where the administrative agency acquiesces to a previous determination that one of its rules is invalid, then the issue would not be further litigated, and, therefore, there would be no occasion to employ section 10--55(c) of the Act to award attorney fees.  Conversely, if the agency refuses to acquiesce, then it would be unfair to allow the agency to again contest the invalidity of the rule and thereby cause the opposing party to incur attorney fees.  Therefore, it appears that it would be an unusual situation in which 
Sutton
 would be appropriately applied to preclude an award of attorney fees, but we have no question that such a rule has no place in this case.  We note that 
Sutton
 does appear to be that unusual situation, because the agency relied in part on a rule that had been invalidated a few weeks earlier, but there is no indication that the agency advocated the continued validity of the rule at either the trial or appellate level of review.  
Sutton
 observed that the administrative rule had been previously invalidated in 
Franz v. Edgar
, 133 Ill. App. 3d 513 (1985), and expressly stated that it was not being invalidated in 
Sutton
 itself.  
Sutton
, 147 Ill. App. 3d at 733.  In short, attorney fees were not awarded in 
Sutton
 because the viability of the invalid administrative rule simply was not litigated there.

That said, we hold that, under the facts of this case, section 10--55(c) of the Act mandates that petitioners receive reasonable attorney fees as a result of their success in invalidating the administrative rules at issue here.  Having decided that petitioners are entitled to recoup their reasonable attorney fees, we now proceed to decide the amount of the reasonable attorney fees incurred by petitioners in this case.

Turning to the evidence presented in the motion and supporting documents, we hold that petitioners' claimed rates are reasonable for the community.  We reject respondents' claim that $125 per hour is reasonable because that is the reasonable rate for a different community from that in which petitioners' attorneys practice.  Thus, attorneys Baird and Clark are entitled to reasonable hourly rates of $295 in 2004 and $310 in 2005, and attorney Powers is entitled to reasonable hourly rates of $240 in 2004 and $260 in 2005.  

The evidence also demonstrates that petitioners reasonably expended 241.25 hours in the preparation and execution of their pleadings in this cause.  Accordingly, we hold that petitioners are entitled to a total attorney fee award of $62,493.75.

Motion granted.

BOWMAN and KAPALA, JJ., concur.