RONALD L. MOHR, Plaintiff-Appellee, v. JESSE WHITE, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—00—0797

Opinion filed September 10, 2001.

644

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of counsel), for appellant.

John B. Hensley, of Nally, Haasis & Bauer, P.C., of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

Secretary of State, Jesse White (Secretary), appeals a circuit court

order requiring him to reinstate Ronald Mohr's driving privileges. We affirm the circuit court.

In September 1982, Mohr was arrested for driving under the influence of alcohol (DUI) and pleaded guilty to that charge. His license was revoked, and the trial court sentenced him to 100 days in jail. In March 1987, Mohr was arrested for driving on a revoked license (DWR). He was convicted and the date that he was eligible to reapply for his license was extended.

In April 1989, Mohr consumed a case of beer, *i.e.*, 24 beers, crashed his truck, and sustained serious injuries. He was convicted of DUI and sentenced to 11 months in the county jail. In November 1993, Mohr was again arrested for DWR. He was convicted, and his license revocation was extended.

In 1994, Mohr was evaluated for alcohol abuse by Michelle Titran, a licensed evaluator. The evaluation revealed that, prior to his accident in 1989, Mohr typically consumed between one and two six-packs of beer twice a week, occasionally drinking a third six-pack on Saturdays or days when he was not required to report to work. Mohr was classified as a Level II—significant-risk alcohol abuser, and Titran recommended that he complete at least 10 hours of alcohol and drug remedial education and a minimum of 20 hours of outpatient treatment, followed by an aftercare plan. Mohr attended the required alcohol-risk education classes.

Mohr again attended alcohol counseling in 1999, as a prerequisite to his petition to regain his driver's license. 92 Ill. Adm. Code § 1001.440(a)(6) (West CD-ROM March 1999) (alcohol evaluation must be current, *i.e.*, completed within six months of the hearing). Kathleen Cullop, a treatment counselor, also diagnosed Mohr as a Level II—significant-risk abuser and indicated in her report that Mohr had been "presented with the tools to maintain a non[ ]problematic pattern of alcohol use through abstinence and/or controlled use." Cullop also indicated that Mohr had abstained from alcohol since his accident in 1989. Due to Mohr's long period of sobriety, Cullop concluded that no further recommendations beyond seeking community and family support were necessary. She believed Mohr's prognosis was good.

In April 1999, Mohr petitioned the Secretary for reinstatement of driving privileges. At the hearing on Mohr's petition, he submitted the 1994 and 1999 evaluations. He also testified that he had resolved to stop drinking immediately after the 1989 accident, and he has not had alcohol since that time. Mohr admitted that he quit drinking because once he starts he cannot stop. Although Mohr has never been diagnosed as an alcoholic and does not attend Alcoholics Anonymous meetings, he believes that he is an alcoholic.

In presenting his case to the hearing officer, Mohr apologized for his past behavior and submitted letters from friends, family, coworkers, and a minister regarding his ongoing sobriety and his need for a driver's license. Mohr testified that he is employed by a company based in Minnesota and that his job requires him to travel throughout the United States. Due to a recent change in company policy, all employees are now required to have a valid driver's license.

After hearing all of the evidence, the hearing officer questioned Mohr's Level II—significant-risk classification and recommended that Mohr's petition be denied. The hearing officer concluded that the facts supported a Level III—high-risk classification, stating:

> "The [p]etitioner's admission of alcoholism, his loss of control over his drinking in the past, along with his belief that he could not return to controlled drinking in the future is inconsistent with his Level II classification, and more consistent with a Level III[—] [d]ependent classification.
>
> * * *
>
> Given the [p]etitioner's Level II classification is being called into question ***, it becomes unclear if the 20 hours of treatment completed by [p]etitioner is sufficient to meet his needs."

●1 The classification "level" assigned to a petitioner affects the administrative requirements needed to obtain reinstatement of driving privileges. *Christiansen v. Edgar*, 209 Ill. App. 3d 36, 45, 567 N.E.2d 696, 702 (1991). The least serious of the three levels is designated "Level I" and the most serious "Level III." 92 Ill. Adm. Code § 1001.410 (West CD-ROM March 1999). Those drivers placed in Level III—high-risk (dependent) category must not only complete 12 consecutive months of abstinence from alcohol, but also show implementation of an "ongoing support/recovery program." 92 Ill. Adm. Code § 1001.440(b)(3) (West CD-ROM March 1999).

Based upon the perceived inconsistencies in the evidence presented at the hearing, the hearing officer directed Mohr to return to his alcohol evaluator and treatment provider to resolve the discrepancies between the evaluations and Mohr's testimony. The hearing officer found Mohr had failed to carry his burden to prove that he would be a safe and responsible driver and would not endanger the public safety and welfare. The Secretary adopted the hearing officer's findings and denied Mohr's petition in November 1999.

Mohr filed a complaint for administrative review in the circuit court in December 1999. The circuit court reversed the Secretary, finding that Mohr established he would be a safe and responsible driver. The court noted that all the evidence showed Mohr had abstained from alcohol use for a substantial period of years and that he had completed his required remedial education.

●2 As we have previously noted, findings and conclusions of an administrative agency on questions of fact are *prima facie* true and correct. *Grams v. Ryan*, 263 Ill. App. 3d 390, 396, 635 N.E.2d 1376, 1380 (1994). The circuit court may not overturn the decision of an administrative body unless the authority of the administrative body was exercised in an arbitrary and capricious manner or the decision was against the manifest weight of the evidence. *Grams*, 263 Ill. App. 3d at 396, 635 N.E.2d at 1380. If anything in the record fairly supports the agency's decision, the decision is not against the manifest weight of the evidence and must be sustained on review. *Grams*, 263 Ill. App. 3d at 396, 635 N.E.2d at 1380. Thus, for the circuit court to find the Secretary's findings were against the manifest weight of the evidence, it must have determined no rational trier of fact could have reached the same conclusions. *Grams*, 263 Ill. App. 3d at 396-97, 635 N.E.2d at 1381. Applying this standard, we conclude that the circuit court's reversal of the Secretary was appropriate.

●3 Driving a motor vehicle on public roads is a privilege and not a right. Once driving privileges are revoked, their restoration is not automatic. *Grams*, 263 Ill. App. 3d at 395, 635 N.E.2d at 1380. The Secretary will not reinstate driving privileges until satisfied that granting of the privilege will not endanger public safety. The petitioner bears the burden of proving, by clear and convincing evidence, that he is entitled to be granted driving privileges. *Grams*, 263 Ill. App. 3d at 396, 635 N.E.2d at 1380.

●4 In determining whether the petitioner has met this burden, the hearing officer may consider various factors, including (1) frequency, type, and severity of traffic violations; (2) efforts at rehabilitation or reform of past driving practices; (3) demeanor of the petitioner at the hearing; (4) credibility of petitioner at the hearing; (5) credibility and weight of petitioner's documentary evidence; and (6) the petitioner's total driving record. 92 Ill. Adm. Code §§ 1001.420(d), 1001.430(c) (West CD-ROM March 1999). These factors are not exhaustive and each petitioner's case is unique, requiring that all of the evidence be considered. 92 Ill. Adm. Code § 1001.400 (West CD-ROM 1999).

●5 The hearing officer's decision to recommend denying driving privileges was based on the officer's determination that petitioner was a Level III—clinically dependent classification instead of a Level II. That determination was based on what the hearing officer found to be the petitioner's admission of alcoholism and his loss of control over his drinking in the past, along with his belief that he could not return to controlled drinking in the future.

Petitioner used to drink too much. After an accident that nearly cost him his life, petitioner chose to stop drinking and never drink

again. Since then petitioner has not had a single drink in over 10 years. Petitioner has never been classified as an alcoholic. Petitioner has never attended Alcoholics Anonymous because he has no trouble abstaining and does not even consider drinking. Two professional evaluators found him to be a Level II classification and not a Level III. Petitioner has not even considered returning to controlled drinking because he does not want to drink anymore.

A review of the hearing officer's findings and recommendations finds that the petitioner has done everything that he was required to do for alcohol evaluation and fully complied with the Secretary of State's rules.

> "The hearing officer finds that the petitioner has completed all recommendations for treatment. The [p]etitioner completed 20 hours of treatment at Creative Consultations on April 22, 1999. A treatment verification with attached treatment plan, discharge summary, and aftercare plan was introduced ***. The information contained in the summary does satisfy the Secretary of State [r]ules."

The petitioner submitted letters from some seven different individuals, all attesting to his abstinence and all attesting to his good work habits. These letters were not copy-cat letters but were sincere and certainly gave every indication that this petitioner, as found by the hearing officer, was sincere. As indicated by the letter of recommendation of pastor John Cross, "I have occasion to see Ron two or three times each week and I've never seen him consume anything with alcohol. I truly believe he is alcohol free and not a risk for driving under the influence if he was to regain his driving privileges."

In light of all the evidence, petitioner's perhaps overly critical self-analysis of his own drinking, which he has not done for 10 years and says he will never do again, does not make petitioner a Level III risk as the hearing officer found. Petitioner met his burden of proving by clear and convincing evidence that he would be a safe and responsible driver and would not endanger the public safety and welfare.

We affirm the trial court's judgment.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.