2024 IL App (1st) 231321-U

No. 1-23-1321

Order filed August 22, 2024

FOURTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SHAYNA C. COWHICK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 22 CH 9333 |
| | ) | |
| JESSE WHITE, in His Official Capacity as Illinois Secretary | ) | |
| of State, | ) | Honorable, |
| | ) | David B. Atkins, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the circuit court's order affirming the decision of the Illinois Secretary of State denying plaintiff's request to rescind her driver's license revocation, or alternatively, for issuance of a restricted driving permit.

¶ 2 I. BACKGROUND

¶ 3 On April 27, 2021, at approximately 5:24 p.m., plaintiff Shayna C. Cowhick was driving her Chrysler minivan on Lake Street in Addison, Du Page County, Illinois. Lake Street, also known as U.S. Route 20, is a highway with two lanes running east and two lanes running west, divided

by a center turning lane. Plaintiff was driving eastbound when she merged into the center turning lane to make a left-hand turn into a gas station. As she made the left turn across the westbound lanes of Lake Street, the passenger side of plaintiff's minivan was struck by a motorcycle traveling westbound at a high rate of speed. The motorcyclist, Jonathan Chambers-Green, died from his injuries.

¶ 4      Plaintiff was cited for driving with a suspended driver's license in violation of section 6-303(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/6-303(a) (West 2020)), and for making an improper left turn by failing to yield the right-of-way to oncoming traffic in violation of section 11-902 of the Code (625 ILCS 5/11-902 (West 2020)). Following a bench trial on March 28, 2022, plaintiff was convicted of both violations. As a result of the failure to yield conviction, which resulted in the motorcyclist's death, pursuant to section 6-205(a)(16) of the Code (625 ILCS 5/6-205(a)(16) (West 2000)), plaintiff's driver's license was revoked for one year—effective June 29, 2022.

¶ 5      On April 11, 2022, plaintiff filed a petition with the Illinois Secretary of State (Secretary), seeking rescission of the revocation order or, alternatively, issuance of a restricted driving permit (RDP). In her request for a RDP, plaintiff alleged a hardship, claiming that she required a valid driver's license to perform her job as an ambulance driver.

¶ 6      The Secretary held an administrative hearing on June 10, 2022. Plaintiff argued that her license should not have been revoked because she was not the proximate cause of the accident. Admitted as exhibits were the plaintiff's certified driving record, police incident reports, plaintiff's toxicology results, and the decedent's postmortem toxicology results.

¶ 7      Plaintiff testified that she was 39 years old and the married mother of four children. She was employed as a dispatcher and ambulance driver for a private company. On the date of the

accident, plaintiff was driving her Chrysler minivan east on Lake Street. Traveling with plaintiff was her 15-year-old daughter, 8-month-old nephew, and her daughter's teenage friend. Plaintiff decided to go to a nearby gas station on Lake Street and Fourth Avenue to buy some "slushies."

¶ 8 Plaintiff merged into the center turning lane, preparing to make a left-hand turn across the westbound lanes of Lake Street into the driveway of the gas station. Westbound traffic was moderately heavy. Plaintiff waited in the turning lane for approximately 30-60 seconds before two vehicles, each occupying one of the westbound lanes, stopped to allow her to make the left turn. Believing that it was safe to make the turn, plaintiff proceeded across the westbound lanes.

¶ 9 After almost completing the turn, a motorcycle traveling westbound collied with the passenger side of plaintiff's minivan. According to plaintiff, the force of the impact caused her vehicle to be propelled forward, striking another vehicle that was present in the gas station driveway. Plaintiff's daughter sustained minor abrasions and her daughter's friend suffered a brain bleed and broken cheek bone.

¶ 10 Plaintiff subsequently tested negative for alcohol and controlled substances. Plaintiff maintained that she used due care in making the turn. She claimed that she did not see the approaching motorcycle, as it was traveling at a high rate of speed and drove between the two stopped vehicles. Chambers-Green's postmortem toxicology report revealed the presence of the controlled substance tetrahydrocannabinol (THC).

¶ 11 Evidence was presented that in 2015, plaintiff was involved in a motor-vehicle accident where she admitted fault. Her driver's license was subsequently suspended as a result of an unsatisfied judgment stemming from that accident. Plaintiff was arrested in 2019 for driving on that suspended license. At the time of the April 2021 accident, plaintiff had paid the outstanding judgment but was not licensed to drive, as her driver's license had not yet been reinstated. Plaintiff

claimed she was unaware of this fact at the time of the accident. At the conclusion of the hearing, the matter was taken under advisement by hearing officer Julie Garay.

¶ 12   The hearing officer issued her findings and recommendations on August 19, 2022. She noted that plaintiff was arrested in 2019 for driving on a suspended license and that her license was suspended at the time of the fatal accident. The hearing officer determined that plaintiff's ongoing conduct of driving with a suspended license indicated "a continued disregard for Illinois Vehicle Law, thereby placing (plaintiff) at an unacceptable risk for public safety at this time."

¶ 13   The hearing officer determined that plaintiff's claim that she was unaware of the status of her driver's license was not credible and was contradicted by the police incident report which revealed that plaintiff admitted to police officers that her driver's license was suspended.

¶ 14   The findings concluded that plaintiff had refused to take responsibility for her actions which contributed to the fatal accident, and she had failed to meet her burden of providing sufficient evidence to warrant rescinding the order of revocation. Regarding the RDP, although plaintiff demonstrated an undue hardship for employment purposes, she failed to carry her burden of proving that she would be a safe and responsible driver if granted a RDP. The hearing officer recommended that plaintiff's petition for rescission or issuance of a RDP be denied.

¶ 15   The Secretary adopted the hearing officer's findings and recommendations and entered a final decision denying plaintiff's petition. On September 20, 2022, plaintiff filed a complaint for administrative review in the circuit court of Cook County. Plaintiff and the Secretary submitted memoranda and briefs in support of their respective positions. Following oral argument, the circuit court entered a final order on June 22, 2023, affirming the Secretary's decision. This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17    Plaintiff argues on appeal that: (1) she sustained her burden of proving that she was not the proximate cause of the fatal accident; (2) the Secretary improperly gave her traffic convictions conclusive and collateral estoppel effect; and (3) the Secretary violated her procedural due process rights under the Fourteenth Amendment of the United States Constitution (U.S. Const., amend. XIV), by expanding the issues to be considered at the administrative hearing without prior notice.

¶ 18    "In an appeal from an administrative agency's decision, we review the agency's determination, not that of the circuit court." *Lambert v. Downers Grove Fire Department Pension Board*, 2013 IL App (2d) 110824, ¶ 23. Accordingly, our review is focused on the Secretary's decision. The appliable standard of review of an administrative agency's decision depends upon whether the issue presented before the court is one of fact, one of law, or a mixed question of fact and law. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 19    The Secretary's findings and conclusions on questions of fact are *prima facie* true and correct and will be set aside only if they are against the manifest weight of the evidence. *Miller v. White*, 372 Ill. App. 3d 661, 664 (2007). Our courts have determined that "[i]f anything in the record fairly supports the agency's decision, the decision is not against the manifest weight of the evidence and must be sustained on review." *Mohr v. White*, 324 Ill. App. 3d 643, 647 (2001). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 20    We initially note that "[d]riving a motor vehicle on public roads is a privilege and not a right." *Mohr*, 324 Ill. App. 3d at 647. "Once driving privileges are revoked, their restoration is not

automatic. [Citation.] The Secretary will not reinstate driving privileges until satisfied that granting of the privilege will not endanger public safety." *Mohr*, 324 Ill. App. 3d at 647; see also *O'Neil v. Ryan*, 301 Ill. App. 3d 392, 396 (1998) ("Once driving privileges have been revoked, their restoration is not automatic"); *Koeck v. Edgar*, 180 Ill. App. 3d 332, 337 (1989) (same).

¶ 21    "The petitioner bears the burden of proving, by clear and convincing evidence, that he is entitled to be granted driving privileges." *Mohr*, 324 Ill. App. 3d at 647. "Clear and convincing evidence has been defined as that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re John R.*, 339 Ill. App. 3d 778, 781 (2003). Clear and convincing evidence is more than a preponderance of the evidence, but less than the evidence necessary for proof beyond a reasonable doubt. *Id.*

¶ 22    Plaintiff was convicted of making an improper left turn by failing to yield the right-of-way to oncoming traffic. This failure to yield resulted in the collision that caused Chambers-Green's death. As a consequence, the Secretary revoked plaintiff's driver's license under section 6-205(a)(16) of the Code. This section provides that:

> "(a) [T]he Secretary of State shall immediately revoke the license, permit, or driving privileges of any driver upon receiving a report of the driver's conviction of any of the following offenses: *** 16. Any offense against any provision in this Code, or any local ordinance, regulating the movement of traffic, when that offense was the proximate cause of the death of any person." 625 ILCS 5/6-205(a)(16) (West 2020).

¶ 23    Plaintiff argues that she sustained her burden of proving that her conduct in making the left-hand turn was not the proximate cause of the fatal accident. She maintains that the motorcyclist was the proximate cause, where the police investigation indicated that he was traveling at excessive speed, lacked a motorcycle license, and had almost two times the legal limit of cannabis in his

system at the time of the collision. "Proximate cause has been defined as that cause which, in natural or probable sequence, produces the complained of injury." *Bogovich v. Nalco Chemical Co.*, 213 Ill. App. 3d 439, 441 (1991). "An injury follows in a natural or probable sequence from the acts in question if an ordinary prudent person ought to have foreseen that some injury might occur, although the precise injury which in fact occurred need not have been foreseen." *Id.*

¶ 24 Plaintiff claims that the evidence the Secretary relied on to deny her petition to rescind, was outweighed by other evidence in the record which supported her claim that she was not the proximate cause of the accident. She contends that her version of events was supported by the police incident reports, witness statements, accident reconstruction, and video footage of events leading up to the fatal accident. According to plaintiff, negligence on the part of the decedent motorcycle driver was the proximate cause of the accident. Plaintiff directs us to a statement by the police accident reconstructionist, who stated in part that:

> "The primary cause of this crash occurring was from the operator of the Motorcycle speeding, improper overtaking, Driving Under the Influence, lack of driving skills/knowledge/experience with a motorcycle, and failure to reduce speed to avoid an accident with the Chrysler minivan.
>
> Based upon my training, experience and knowledge of this crash, I am unaware of any action which could be taken by the driver of the Chrysler to avoid this collision from occurring."

¶ 25 However, we note that plaintiff's improper left turn conviction was based on her violation of section 11-902 of the Code, which provides in relevant part that:

> "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the

opposite direction which is so close as to constitute an immediate hazard." 625 ILCS 5/11-902 (West 2020).

¶ 26 "Issues concerning who had the right-of-way, and weighing relative speed and distances of the vehicles, must be left to the trier of fact, and cannot be lightly overturned." *Razim v. Erickson*, Nos. 2-12-0701, 2-12-0727 (2013) (unpublished order under Supreme Court Rule 23). In an administrative hearing, the hearing officer acts as the trier of fact and, in that capacity, observes and listens to the witnesses, assesses their credibility and the weight to be given to their testimony, and draws reasonable inferences from the evidence. See *Ahmad v. Board of Education of the City of Chicago*, 365 Ill. App. 3d 155, 162 (2006). "[I]t is not the province of a reviewing court in an administrative proceeding to reweigh the evidence nor pass upon the credibility of witnesses." *Puleo v. Department of Revenue*, 117 Ill. App. 3d 260, 269 (1983).

¶ 27 Plaintiff testified that she did not see the approaching motorcycle because it drove between the two vehicles which had stopped to allow her to make the left turn. This testimony, however, was called into question by an accident reconstruction report which indicated that prior to the fatal collision, the motorcycle had cleared the Lake Street and Fourth Avenue intersection and had overtaken and passed the two allegedly stopped vehicles. In as much as the statute provided that the driver *shall* yield the right of way before any vehicle, the evidence presented was sufficient for the hearing officer to hold that plaintiff failed to meet her burden of proving she was not the proximate cause of the motorcyclist's death.

¶ 28 Given our limited scope of review and considering the record before the hearing officer—which included the police incident reports and accident reconstruction report—we cannot say that the hearing officer's finding was against the manifest weight of the evidence. Accordingly, the Secretary's decision to adopt the hearing officer's findings that plaintiff failed to carry her burden

of proving, by clear and convincing evidence, that she was entitled to relief was not against the manifest weight of the evidence.

¶ 29    Plaintiff next argues that the Secretary gave her traffic convictions conclusive weight and collateral estoppel effect, contrary to the holding in *Thurmond v. Monroe*, 159 Ill. 2d 240 (1994). *Thurmond* involved a negligence action arising out of a collision between an automobile and a truck, where each driver claimed that the other driver crossed the center line of a two-lane highway. *Id*. at 242. The driver of the automobile was issued a traffic citation for improper lane usage and subsequently appeared in traffic court to contest the citation. The traffic court convicted the driver of improper lane usage and fined him $25 plus costs. *Id*.

¶ 30    At the later civil trial, the automobile driver filed a motion *in limine* to exclude the traffic conviction, which was granted. Our supreme court found that the trial court did not err in granting the motion *in limine*. *Id*. at 245-48. The supreme court held that "traffic convictions are not admissible in later civil proceedings as proof of the facts that act as a basis for the conviction." *Id*. at 245. The court was concerned that civil juries "may substitute the opinion of the police officer who issued the ticket or the opinion of the traffic judge for its own." *Id*. at 247. The court noted that "[a] conviction conveys a deceptive sense of certainty to the jury in a civil case that is difficult to challenge." *Id*. In light of these concerns, the court concluded that "the danger of unfair prejudice from a traffic conviction outweighs its probative value." *Id*.

¶ 31    In *Thurmond*, our supreme court was concerned with the risk that evidence of a motorist's traffic conviction could erroneously lead a civil jury to conclude that the motorist was guilty of negligent driving. That risk is not present here.

¶ 32    The purpose of administrative review is to make certain the administrative agency acted within its judicial bounds as defined by law, to guard the statutory and constitutional rights that

9

are guaranteed to an individual subject to administrative action, and to ascertain whether the record supports the order that was issued. *Midland Hotel Corp. v. Director of Employment Sec.*, 282 Ill. App. 3d 312, 317 (1996). Administrative agencies "make informed judgments upon the issues, based on their experience and expertise." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 98 (1992); *Mohorn-Mintah v. Board of Education of City of Chicago*, 2019 IL App (1st) 182011, ¶ 20 (agencies charged with enforcement of statutes are "in a good position to make informed judgments upon the issues, based on their experience and expertise."). Here, the Secretary was concerned about lawful driving and public safety, not civil liability in a negligence action. Our supreme court's holding in *Thurmond* is inapplicable to the instant case. The Secretary did not improperly give plaintiff's traffic convictions conclusive and collateral estoppel effect, but properly relied on plaintiff's convictions in assessing public safety.

¶ 33   Plaintiff finally argues that the Secretary violated her procedural due process rights under the Fourteenth Amendment by expanding the issues to be considered at the administrative hearing without prior notice. She contends that the Secretary improperly expanded the scope of the administrative hearing to include argument related to her conviction for driving with a suspended driver's license. Plaintiff maintains that she was informed in writing that the administrative hearing would give her an opportunity to challenge the Secretary's decision to revoke her driving privileges based on her conviction for making an improper left-hand turn by failing to yield the right-of-way to oncoming traffic. Plaintiff claims she was given no notice that her driver's license would be revoked for driving with a suspended license.

¶ 34   Administrative proceedings are " 'governed by the fundamental principles and requirements of due process of law.' " *Wolin v. Department of Financial and Professional Regulation*, 2012 IL App (1st) 112113, ¶ 25 (quoting *Abrahamson*, 153 Ill. 2d 76, 99). However,

"due process requirements in administrative proceedings are simpler and less formal than judicial proceedings." *Josephsen*, 2024 IL App (1st) 230641, ¶ 24. Instead, " 'due process is satisfied by a procedure that is suitable for the nature of the determination to be made and conforms to the fundamental principles of justice." *Id*. (quoting *Desai v. Metropolitan Sanitary District of Greater Chicago*, 125 Ill. App. 3d 1031, 1033 (1984)).

¶ 35    Plaintiff was not deprived of procedural due process. She was afforded an administrative hearing, where she faced a definite charge. Plaintiff was represented by counsel and given the opportunity to testify and present evidence to ensure a fair and full review. An impartial hearing officer heard and considered all evidence plaintiff proffered.

¶ 36    Moreover, plaintiff was on notice that her conviction for driving with a suspended driver's license would be considered at the administrative hearing. Plaintiff filed a petition seeking to rescind the order revoking her driver's license, or alternatively for issuance of a RDP. The Secretary has promulgated regulations setting forth the requirements a petitioner must satisfy before her driving privileges are reinstated or a RDP is issued. See *Jones v. White*, 352 Ill. App. 3d 316, 323 (2004) (citing 92 Ill. Adm. Code §§ 1001.400 through 1001.490). One of the factors the Secretary may consider in deciding whether to reinstate a petitioner's driving privileges is whether the petitioner was driving while her license was suspended or revoked. *Id*. The Secretary did not improperly expand the scope of the administrative hearing by considering this issue.

¶ 37                                        III. CONCLUSION

¶ 38    Plaintiff failed to meet her burden of establishing by clear and convincing evidence that her conduct in making the left-hand turn across the westbound lanes of Lake Street was not the proximate cause of the fatal accident. In addition, given the evidence presented at the administrative hearing and contained in the record, and considering our standard of review, we

11

cannot say that the Secretary's decision denying plaintiff's petition for relief was against the manifest weight of the evidence. Therefore, we affirm the circuit court's judgment affirming the Secretary's final decision.

¶ 39       Affirmed.